WILLIAM HEPWORTH v. THE STATE.

No. 11821.   Delivered November 14, 1928.
Rehearing denied January 16, 1929.

The opinion states the case.

*Dorinfield, Foster & Fullingim* of Amarillo, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, felony theft; penalty, four years in the penitentiary.

Appellant with two lady companions visited the Marizon store in Amarillo on October 12, 1927, at about 11 o'clock A. M. They

departed and shortly after their departure dresses belonging to the store were missed. The next morning Officer Miller had reported to him that a man fitting the description of appellant was on the streets of Amarillo with a bunch of goods and that he was carrying a parcel under his arm supposed to be the dresses stolen the day before. Finding appellant on the street, Officer Miller placed him in custody without either a warrant of arrest or search warrant and found in his possession five dresses belonging to the Marizon store and clearly identified as their property.

The chief contention of appellant relied on for reversal is the reception of this officer's evidence regarding what was found in possession of appellant. Claim is made that the arrest being illegal, the evidence obtained by reason of same was inadmissible and its reception in evidence inhibited by the terms of our recently enacted search and seizure statute. The trial court admitted the evidence upon the mistaken theory that the officer had been informed by a credible person that a felony had been committed and that the offender was about to escape. Under the terms of Art. 215, C. C. P., this authorized an arrest without a warrant if the predicate therein stated was present. All of appellant's propositions revolve around this mistaken theory and relate chiefly to the insufficiency of the evidence to support any such conclusion. Both the trial court and counsel for appellant have apparently overlooked Art. 325, C. C. P., reading as follows:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

Under the express terms of this statute it was the right, as well as the duty, of the officer to arrest appellant and recover the stolen goods. The legal right to arrest generally carries with it the right to make a search without a search warrant. Levine v. State, 4 S. W. (2nd) 553, and authorities there cited. Art. 325, supra, recently received construction by the Supreme Court of this State in the case of Henderson v. U. S. F. & G. Co., 298 S. W. 404. This authority contains the following language:

"By virtue of article 325, all persons have a right to prevent the consequences of theft, not only by seizing the property which has

been stolen, but by arresting the offender. Moreover in attempting to do these things authorized by this article, persons so acting would not be guilty of false imprisonment, should there be reasonable ground to suppose the property stolen, and the party taken to be the offender, notwithstanding it should thereafter transpire that the property was not stolen, and that the person taken was not a thief."

This article has uniformly been held to give the right of arrest without a warrant. Morris v. Kasling, 79 Tex. 141; Porez v. State, 29 Tex. Crim. Rep. 618; Smith v. State, 13 Tex. Crim. App. 507; Childress v. State, 107 Tex. Crim. Rep. 11. It is a wholesome statute designed to give protection from thieves, and we have neither the inclination nor the legal right to nullify its salutary provisions by declaring its operation to be controlled by the terms of the search and seizure law, enacted long after Art. 325 and which neither expressly nor by necessary implication repeals it in our opinion.

Bill of Exception No. 2 raises the question of an error of the Court in refusing to sustain appellant's challenges to certain jurors. It appears from this bill that appellant was under indictment in another case and that three of the jurors had an opinion as to the guilt of the appellant in such case. Appellant's bill is qualified by the Court to show that such jurors on their voir dire showed conclusively to have no bias in favor of or prejudice against defendant or his co-defendants in the instant case, nor did they have any opinion as to the guilt of the appellant in this case. We are bound by the Court's qualification and from same we conclude that the jurors complained of were not disqualified.

Such other questions as have been sufficiently raised do not in our opinion show any error and their importance does not seem to justify discussion. We deem the evidence sufficient.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—From Bill of Exceptions No. 2 it is made to appear that in the District Court of Potter County there were pending against the appellant two cases charging him with felony theft; that in cause No. 3790 the charge was theft from M. Watner, and in the present case, No. 3791, the charge was felony

theft from M. Sherman. In cause No. 3190 the trial resulted in a verdict of conviction with a penalty of confinement in the penitentiary for a period of four years. During the same week cause No. 3791 was also tried. In the formation of the jury in cause No. 3790, jurors J. B. Clouse, Joe Killough and M. O. Kemp were excused on challenges for cause made by the appellant upon the admission of each of said jurors that they had either talked to the State's witnesses or been so associated with them as to form from that source a disqualifying opinion. On the venire submitted to the appellant for trial in the present case, (No. 3791) there appeared the names of the same persons, namely, Clouse, Kemp and Killough, who had been excused for cause from service upon the previous trial of the appellant. They were challenged for cause by reason of their admission heretofore stated of facts which disqualified them in the previously tried case No. 3790. The challenge was overruled. At the time the challenge was overruled, there were fifteen men upon the list whom the appellant desired to excuse. Among them were Killough, Clouse and Kemp. The appellant exercised ten peremptory challenges including Killough but left Clouse and Kemp on the jury. He also left upon the jury four other men whom in his bill he says he desired to discharge but against whom there is stated in the bill no fact constituting them disqualified or objectionable jurors.

It is further shown by the bill that on the trial Police Office Miller testified that he arrested the appellant upon information received from Watner that a theft had been committed by a person answering the description of the appellant. The trial judge signed the bill of exceptions as prepared by the appellant, and after his signature appears the following statement:

"Be It Remembered that to each and all of the *foregoing qualifications* counsel for defendant then and there objected and excepted to said qualifications."

No qualifications are shown in the record preceding the statement last quoted. However, following it there is a qualification to the effect that the voir dire examination of jurors Killough, Clouse and Kemp showed no bias for nor prejudice against the appellant, but did show that they had an opinion as to the guilt of the appellant of the offense charged in cause No. 3790. Whether the qualifying statement under the circumstances is to be considered or not is deemed immaterial. The record as made reveals the fact that the disqualification claimed is the fact that jurors Killough, Kemp and

Clouse had an opinion touching the guilt of the appellant of the offense charged in cause No. 3790 wherein he was accused of theft of property from Watner. Whether the legal question attempted is important may be open to question in view of the fact that peremptory challenges were not used to exclude from the jury the jurors Killough, Kemp and Clouse, there being no showing made that the jurors mentioned could not have been excused on peremptory challenges without leaving on the list jurors who were in a legal sense objectionable. See Willis v. State, 91 Tex. Crim. Rep. 333; Jester v. State, 100 Tex. Crim. Rep. 409; Dunne v. State, 98 Tex. Crim. Rep. 12. Waiving that question, however, the rule seems well settled that the mere fact that a juror has formed an opinion touching the guilt of the accused of an offense growing out of another and different transaction from that involved in the case on trial does not necessarily disqualify him. Texas cases in point are Edgar v. State, 58 Tex. Crim. Rep. 255; Arnold v. State, 38 Tex. Crim. Rep. 1; Bailey v. State, 56 Tex. Crim. Rep. 226; West v. State, 35 Tex. Crim. Rep. 48; Asher v. State, 102 Tex. Crim. Rep. 162; Rutherford v. State, 102 Tex. Crim. Rep. 310. Analogous cases are Irvine v. State, 55 Tex. Crim. Rep. 349; Grusendorf v. State, 56 S. W. Rep. 624. In Cyc. of Law & Proc., Vol. 24, p. 279, the following statement is found:

"A juror is not incompetent because he has been one of the jury on a former trial of the same defendant for a different offense, or a separate and distinct offense of the same character."

The text is supported by some of the cases above cited as well as others that will be found in the notes. There are exceptions to the rule, as where the material issues in the present and former trial are identical, and there may be other exceptions, the discussion of which is not pertinent in the present instance.

The appellant's contention that Art. 325, C. C. P., which is quoted in the original opinion has been repealed by the subsequent enactment of Articles 4a and 4b, C. C. P., we think is not tenable. Art. 4a makes penal the search of a person or his possessions without having first obtained a search warrant as required by law; and Art. 4b fixes the punishment. Based upon his claim that Art. 325, supra, has been repealed, it is his position that the receipt of the evidence of the officer who found the appellant in possession of the stolen property is inhibited by Art. 727a, C. C. P., which prohibits the use of any evidence obtained in violation of any provision of the Constitution or laws of the State of Texas or of the United States.

All of the provisions of the statutes to which reference has been made are found in the latest revisions of the Code of Criminal Procedure, and the vitality of Art. 325, supra, has received recognition both from this court and the Supreme Court of this state since the enactment of Arts. 4a, 4b and 727a. See Henderson v. United States Fidelity & Guaranty Co., 298 S. W. Rep. 404; Childress v. State, 107 Tex. Crim. Rep. 10, both of which are cited in the original opinion.

To warrant action under Art. 325, supra, the concluding part of it declares that to "justify such seizure there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay." In construing Arts. 4a, 4b, and 727a, this court has uniformly held that the search of a vehicle was authorized without a warrant when made upon "probable cause"; also when made coincident with a lawful arrest. Battle v. State, 290 S. W. Rep. 762; Moore v. State, 107 Tex. Crim. Rep. 24; Chapin v. State, 107 Tex. Crim. Rep. 477. The reasoning which would support the claim of the repeal of Art. 325, supra, would apply to Arts. 212, 213 and 215, C. C. P. These have been held operative since the passage of Arts. 4a, 4b, and 727a. See Chapin v. State, supra, and Moore v. State, supra. In other words, those articles have not been regarded as making a search warrant imperative under all circumstances. Doubtless the meaning of the term "probable cause" quoted in Battle v. State, supra, and others, would not in substance be variant from the term "reasonable ground to suppose" as used in Art. 325, supra.

From the facts in the present instance, it appears without controversy that certain dresses were stolen from M. Sherman; that from his conduct and recent presence in the store from which the dresses were taken suspicion pointed to the appellant as the thief. On the same day the stolen dresses were taken from the possession of the appellant. Lee Miller, a peace officer who recovered the property and arrested the appellant, testified that he was informed of the theft by Mr. Watner, who also described the appellant and stated that he was on the street and had a package in his possession. Miller went upon the street to look for the appellant, who was also described as carrying a package. He observed a person who answered the description and who had a package under his arm. After talking to the appellant, Miller arrested him and took possession of the package which he had in his possession and which contained the stolen property. The officer said that he recognized the appellant from the description he had received.

Having in mind the many recent decisions applying the term "probable cause," we are unable to bring ourselves in accord with the contention of the appellant that the information in the possession of Miller was insufficient to fulfill the conditions laid down in Art. 325, supra, as justifying the seizure of stolen property. Numerous illustrations are found in Amer. Law Rep. Vol. 39, p. 91, annotating the case of Carroll v. United States, 267 U. S. 132, also on page 816 of the same volume; likewise in Cornelius on Search & Seizure, note beginning at page 188; Blakemore on Prohibition, 3rd Ed., Sec. 984, note; Battle v. State, 290 S. W. Rep. 762, and citation thereof in Shepard's Southwestern Citations, November, 1928, p. 530.

The court made the consideration of the evidence of Miller touching the result of the search depend upon the jury's finding that there was "probable cause" for the search, and in that connection told the jury, in substance in accord with Art. 215, C. C. P., 1925, that there would be a right to arrest and search if the officer had credible information that a felony had been committed, that the offender was about to escape, and that there was not time within which to procure a warrant. There was no exception to this charge, but in his motion for rehearing counsel, adverting to what was said in the original opinion to the effect that the arrest and search were justified by Art. 325, supra, claims that the case was tried upon the wrong theory and ought therefore to be reversed. The contention is deemed unsound for several reasons: First, the facts showing "probable cause" for the search being undisputed, the right to make the search was not a question for the jury. Cornelius on Search & Seizure, p. 249, sec. 83; McPherson v. State, 300 S. W. Rep. 936; Patterson v. State, No. 11,933, not yet reported; Broyles v. State, 7 S. W. (2d) 555. Second, the facts in evidence were apparently in possession of the officer at the time he made the arrest and justified it under either Art. 215 or Art. 325, supra. See Bevins v. State, 7 S. W. (2d) 532. Third, the receipt of the evidence of the officer touching the result of the search was opposed upon the ground that the arrest and search were illegal and therefore within the purview of Art. 727a, C. C. P. It was obviously immaterial under what statute the uncontroverted facts proved brought the right to arrest the offender and seize the stolen goods found in his possession.

The motion for rehearing is overruled.

*Overruled.*