TIMS v. STATE. (No. 12400.)

Court of Criminal Appeals of Texas. June 26, 1929.

Rehearing Denied Oct. 16, 1929.

seat, also 85 pints of whisky in sacks. According to one of the officers, appellant stated when arrested: "Well, we had a good race, but you all are the fastest. There is our car, and the load; take it, and what money we have got, and let us walk on down the road." The car was driven by appellant's companion.

Complaint is made of the reception in evidence of the above statement of appellant, which is shown to have been made immediately upon his apprehension, and while in the presence of the whisky and the car on the Bankhead Highway. The statement complained of was in such close relation and juxtaposition in time and place to the offense proven as to make it res gestæ of same and admissible. Bevers v. State, 110 Tex. Cr. R. 612, 9 S.W.(2d) 1040, and authorities there cited.

Complaint is made in the brief that the jury were permitted to taste the liquor. This might present a serious question, if the bill of exception purporting to present this matter confirmed the statements in appellant's brief. This bill, however, nowhere states that any liquor was ever tasted by the jury. It goes no further than to show that the court ruled that the jury might "sample about six bottles of whisky." In other words, the bill presents only the question that the court was willing for the jury to taste the whisky, but there is no statement in the bill which shows that the jury did in fact sample same. We think it could not be seriously contended that the mere statement of the court above recited would constitute reversible error.

It is further complained that the automobile was searched without probable cause. It is shown that the sheriff was informed that a Cadillac car with whisky or alcohol in it was in town, or leaving town. He came upon a Cadillac car, fitting the general description of the car about which he had been informed, and, when he ran up by the side of it, he observed sacks and cans in same, and thought it was loaded with whisky. We think the facts show sufficiently the existence of probable cause for the search without a search warrant. McPherson v. State, 108 Tex. Cr. R. 265, 300 S. W. 936; Odenthal v. State, 106 Tex. Cr. R. 1, 290 S. W. 743; Gordon v. State (Tex. Cr. App.) 12 S.W.(2d) 804; Hepworth v. State (Tex. Cr. App.) 12 S.W.(2d) 1018; Hurst v. State (Tex. Cr. App.) 13 S.W.(2d) 95; Patterson v. State (Tex. Cr. App.) 13 S.W.(2d) 97.

Finally, we desire to say that every bill of exception found in the record is in question and answer form, and none of them contain a certificate of the trial judge showing the necessity of such form. Under repeated decisions of this court, such bills are insufficient. Minor v. State, 108 Tex. Cr. R. 413, 1 S.W.(2d) 315; Shoppa v. State, 102 Tex. Cr. R. 215, 277 S. W. 123; Lee v. State, 100 Tex. Cr. R. 664, 274 S. W. 582. The bills shown in this rec-

Howard & Jackson, of El Paso, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MARTIN, J. Offense, the unlawful transportation of liquor capable of producing intoxication; penalty, four years in the penitentiary.

Officers of Howard county chased a Cadillac car down the Bankhead Highway, and finally arrested the appellant and his companion, Shaw. In said car they found 5 cans of alcohol, stacked in between the front and the back

772

ord contain the wrangles and argument of counsel, interspersed with objections and rulings, together with questions and answers and part answers of witnesses. All these so obscure whatever point is attempted to be raised that we would find it almost impossible to discover such, but for the brief. We call attention to the fact that they present nothing for review, though we have discussed the major contentions raised in the brief.

Believing the evidence sufficient, and finding no error in the record, the judgment is affirmed.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

LATTIMORE, J. ▮ In our original opinion we overlooked the fact that the judgment found the appellant guilty both of the offense of possession and of transporting intoxicating liquor. These two offenses were charged in the indictment in separate counts, the first being for the possession and the second for the transportation of such liquor. The court only submitted the latter. The judgment and the sentence will each be reformed, so as to show appellant to have been adjudged guilty and sentenced for transportation of intoxicating liquor. Our attention is also called to the fact that the sentence failed to give to appellant the benefit of the indeterminate sentence law. The sentence will be so reformed as that it will condemn appellant to confinement in the penitentiary for a period of not less than one nor more than four years, in conformity with said law.

We have carefully considered each of the other matters set up in appellant's motion for rehearing. As stated in our original opinion, there is nothing in the bill of exceptions complaining of the ruling of the court admitting in evidence the intoxicating liquor, and allowing the jury to consider same, which would warrant us in concluding that the jury tasted or otherwise illegally used the liquor thus introduced. The bill of exceptions making a complaint must make it clear to us that the complaint is well founded and that injury resulted.

▮ We find nothing in the record showing that the testimony of the witness who testified to the fact that the liquor found in appellant's car was alcohol, and that part of same was whisky, was not based upon qualification or knowledge. This complaint rests upon the same basis as to insufficiency as the one just discussed. In the absence of a showing in the bill of such lack of knowledge or disqualification of the witness, we must presume him to be deemed by the trial court qualified.

▮ We are also of opinion that there is no showing that the search made by the sheriff and officers was without probable cause. That the car occupied by appellant was stopped upon the highway after a lengthy chase, and after the occupants had refused to stop when called upon repeatedly so to do by the officers, seems without dispute. Nor is there any doubt of the fact that, when so stopped, the officers observed cans and articles covered up in the car which might be deemed sufficient to cause suspicion in the breast of a reasonable man. Still, upon further observation, we note that no search was made of the car until after a search warrant had been obtained.

Deeming the motion without merit, same will be overruled.