## GROVER MANSELL v. THE STATE.

No. 13321.  Delivered May 7, 1930.
Reported in 27 S. W. (2d) 799.

The opinion states the case.

*Carl T. Harper* of Madisonville, *M. E. Gates* of Huntsville and *Jake Clegg* of Trinity, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

MARTIN, JUDGE.—Offense, the unlawful possession of intoxicating liquor for the purpose of sale; penalty, one year in the penitentiary.

Officers had been informed that appellant was coming in with a load of whiskey and they took their stand by the side of the road and he came by and refused to stop upon signal. The officers detected the odor of whiskey as he passed. They gave chase and appellant finally stopped. Officers observed whiskey leaking from appellant's car at the time. Appellant refused to permit the search of his car without a search warrant. Officers informed him they would search the same upon "probable cause" and did not need a search warrant. He admitted to them that he had about fifty-five gallons of whiskey in the car, less what had been broken. The officers found in said car on search fifty-five one gallon jugs containing whiskey, fifty-three of them were full, the other two about half full. Appellant himself took the stand and admitted the presence of the whiskey, claiming that same was being transported for medicinal purposes.

The statement of appellant introduced in evidence made at the time of his arrest and contemporaneous with the search of the car to the effect that "he was not fool enough to carry a gun when he was hauling whiskey" is made the subject of a bill of exception. This was res gestae of the offense and was admissible, even though appellant was at the time under arrest. Tims v. State, 20 S. W. (2nd) 770.

Other bills relate to the admission of testimony of searching officers as to the result of the search of appellant's car on the ground that same was made without a search warrant. There would seem to be no doubt that the officers were in possession of such facts as would constitute probable cause justifying the search. However, it is not necessary to so decide, since the appellant himself took the witness stand and testified to the presence of the whiskey in the car. This rendered harmless the error, if any, in admitting the testimony complained of, as has been decided in numerous cases, many of which have been collated in 4 Tex. Jur., P. 589, under Paragraph 414.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.