JAKE HORTON V. THE STATE.
No. 19012.   Delivered May 19, 1937.

The opinion states the case.

*Sanders & McLeroy*, of Center, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of possessing intoxicating liquor in a container to which was not affixed a stamp or other valid evidence showing the payment of the tax due to the State, and his punishment was assessed at a fine of $100.00.

Appellant's first contention is that the testimony does not warrant and sustain his conviction. The uncontradicted testimony shows that on the 20th day of December, 1936, the appellant, Preston Settlers, Elnis Doggett, and Trammel Hooper, who resided in Shelby County, Texas, near the State line between Texas and Louisiana, went into Louisiana and while there appellant purchased a pint of whisky, the container of which had affixed thereto a stamp as required by the United States government as well as a stamp showing the payment of the tax due to the State of Louisiana. On their return trip appellant drank a part of the whisky. After he re-entered this State and had gone past the State line approximately one mile he was arrested by the sheriff of Shelby County and charged with the offense for which he was convicted.

Section 43 of Article 1 of the Texas Liquor Control Act, Acts of the Forty-Fourth Legislature, Second Called Session, 1935, p. 1795, reads as follows:

"If a person shall have in his possession within this State any distilled liquors not contained in a container to which is affixed a stamp or other valid evidence showing the payment of the tax on such liquor due to the State of Texas, he shall be guilty of a misdemeanor and upon conviction shall be fined not less than Ten Dollars ($10) nor more than Five Hundred ($500), or be confined in the county jail not more than six (6) months or both."

Section 4 (a) of said article reads as follows:

"It shall be unlawful for any person to manufacture, sell, possess for the purpose of sale, import into this state, or transport liquor in wet areas or dry areas without first having obtained a permit or without first having complied with all other terms and provisions of this Act; provided however that the prohibition contained in this section against the transportation of liquor shall not apply to a person who has purchased such liquor for his own consumption and is transporting the same from a place where the sale thereof was lawful and to a place where its possession by him is lawful; provided further, that the prohibition contained in this section against the importation and transportation of liquor shall not apply to a person who is bringing into this State not more than one (1) quart of liquor for his own personal use."

In construing the two sections of the said article so as to give effect to each we are led to the conclusion that the legislature intended to exempt from payment of the tax required under section forty-three persons who had purchased a quart or less of whisky in another State for his own personal use and brought it into this State. It is apparent from the record that appellant purchased the whisky in question for his own personal use because he had already consumed a part of it at the time he was arrested which occurred a short time after its purchase.

In view of the disposition we are making of this case it becomes unnecessary to discuss the other matters complained of.

Having reached the conclusion that the testimony does not sustain the conviction, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.