W. N. EPROSON v. THE STATE.

No. 19816. Delivered October 26, 1938.
Rehearing denied November 23, 1938.

The opinion states the case.

*Estes & Estes*, of Granbury, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Upon his plea of guilty to the offense of illegally transporting intoxicating liquor in a dry area, to-wit: Hood County, on January 4th the appellant was assessed a fine of $150.00 and thirty days in jail by the county judge. Two

days thereafter he filed his motion for a new trial, alleging therein that he desired to change his plea of guilty to one of not guilty, because he was at the time of entering such plea in ignorance of the law, and had thus pleaded under a mistake of fact. His main contention being that the officers who arrested him had done so without having first procured a warrant for his arrest, and that a search thereafter was illegal.

He was charged with the unlawful transportation of intoxicating liquor in Hood County, a dry area. We gather from the record that two Liquor Control Board officers had followed him from Fort Worth, and arrested him in Granbury and found him with a quantity of such liquor. It was alleged that he was transporting 48 pints and 36 quarts of whisky.

There are no bills of exception to any action of the court in the record, but appellant's position seems to be that he was awarded a heavier penalty than he had expected, and therefore wants another trial, hoping to receive a lighter penalty or an acquittal. The only complaint that we can gather from his brief is that the officers arrested him without a warrant, and therefore that his arrest was illegal, and on account thereof the liquor so found in his possession could not be introduced in evidence against him. This objection comes too late, in the first instance, and secondly appellant has doubtless overlooked Article 666-30, Vernon's Texas Penal Statutes, 1938 Supplement: "Any illicit beverage as that term is defined in this Act, and all illegal equipment for manufacturing any alcoholic beverages is hereby declared to be contraband, and the same may be seized without warrant by the Board, or anyone of its agents or employees, or by any peace officer, and any person found in the possession, or in charge thereof, may be arrested without warrant."

In the same Article 666-3a an illicit beverage is defined as " * * * any alcoholic beverage * * * transported in violation of this Act," among other things.

We see no error in the court's overruling this motion for a new trial, and finding no error in the record this judgment is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

CHRISTIAN, JUDGE.—After re-examining the record in the light of appellant's motion for rehearing we are constrained to adhere to the conclusion expressed in the original opinion.

The motion for rehearing is overruled.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.