## PAUL BOLES v. THE STATE.

No. 20504. Delivered November 1, 1939.

The opinion states the case.

*Sanders & McLeroy,* of Center, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for having possession of whisky in a container to which no stamp tax was affixed; punishment assessed being a fine of one hundred dollars.

The sheriff of Shelby County, Texas, had a telephone conversation with an agent of the Louisiana Liquor Control Board by which he learned that appellant was on his way into Shelby County with a load of untaxed whisky. The officer intercepted appellant on the highway. When he saw the sheriff appellant began backing his car, driving with one hand, and beating with a hammer with the other. The officer ran to the car and found one unbroken pint bottle of whisky, and a quantity of broken glass and spilled whisky in the car. The unbroken bottle had on it the Federal liquor stamp tax and the Louisiana stamp tax, but no evidence attached to the container showing payment of the tax due the State of Texas.

The chief complaint is that the officer had no warrant for appellant's arrest and no warrant to search his car, and therefore the search was illegal and the evidence as to what was found as the result thereof should not have been admitted in evidence. He relies on Weeks v. State, 132 Tex. Cr. R. 524, 106 S. W. (2d) 275; Waltrip v. State, 134 Tex. Cr. R. 202, 114 S. W. (2d) 555, to support his contention. Under the provisions of the statute in force when the two cases mentioned were decided appellant's contention would be correct, but he overlooks the changes made by the Acts of the 45th Legislature, page 1089, carried forward in Vernon's Texas P. C. as Art. 666. By Sec. 3a of said article any alcoholic beverage on which a tax stamp imposed by the laws of this State has not been paid and the tax stamp affixed thereto is declared to be an "Illicit Beverage." See Cothren v. State, 136 Tex. Cr. R. 463, 126 S. W. (2d) 32; Eproson v. State, 135 Tex. Cr. R. 494, 120 S. W. (2d) 1073. Sec. 30 of said Art. 666 declares that any "illicit beverage" as defined in the Act is contraband, and that same may be seized without warrant by any peace officer or agent of the Liquor Control Board, and that any person found in possession of such liquor may be arrested without warrant. In Cothren's case (supra) the same claim of illegal search was made as here urged. After citing Sections 3a and 30 of Art. 666, as amended by the 45th Legislature, we said:

"Under the two provisions pointed out it occurs to us that officers now have the same right to search a vehicle upon probable cause as under the former state-wide prohibition law, that is, where the searching officer prior to the search has knowledge or information of facts constituting probable cause. The subject will be found treated in 38 Tex. Jur., Secs. 60-68, p. 85, etc. with many cases annotated in the footnotes which illustrate our holding upon the phases arising under varying facts. It appears from the facts here present that the sheriff had information amounting to probable cause even before he stopped appellant's car." The foregoing remarks are peculiarly applicable here under the facts.

Appellant urges that the question of probable cause should have been submitted to the jury. The facts from which probable cause arose were undisputed. Whether information received by the officers constituted probable cause is a question primarily for the court, but if the facts upon which the officers claim to act are controverted it becomes an issue of fact for the jury under proper instructions. McPherson v. State, 108 Tex. Cr. R. 265, 300 S. W. 936. Lee v. State, 126 Tex. Cr. R.

18, 70 S. W. (2d) 185, in which many cases are cited. There was no occasion here to submit the matter to the jury.

It appears that appellant was transporting the liquor from Louisiana into Texas. Our State's attorney calls attention to Horton v. State, 132 Tex. Cr. R. 488, 105 S. W. (2d) 669, suggesting that our holding there might be regarded as against sustaining the conviction here unless a change in the statute be mentioned. The holding in Horton's case was based on a provision in Section 4 of Art. 666 Vernon's Tex. P. C. (Acts 44th Legislature, 2d C. S.) The provision was omitted from said Section 4 under the Acts of the 45th Legislature, and in the Acts of the 45th Legislature in subdivision 4 of Section 23a of Art. 666 Vernon's Ann. Tex. P. C., Vol. 1, appears the following, "It is provided that any person may bring into this State no more than one quart of liquor for his own personal use; provided further, that he shall pay and affix thereto the required State tax stamps." Attention is called to the change in the "Texas Liquor Control" act so any apparent conflict with the holding here and in Horton's case (supra) may be dispelled.

Finding no error in the record, the judgment is affirmed.