

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

June 14, 1949.

Hon. Joe W. Lovelace
County Attorney
Cass County
Linden, Texas

Opinion No. V-844.

Re: The legality of possess-
ing not more than one
quart of liquor in Texas
without payment of Texas
tax.

Dear Sir:

Your letter and brief requesting an opinion is set out, in part, as follows:

"In December of 1948 the defendant was legally arrested and was found to have in his possession one full pint and one partial pint of whiskey which bore no Texas stamp and no valid evidence was affixed thereto which showed that the stamp had been paid. The evidence showed that the whiskey was bought in Arkansas, in compliance with their laws, and was brought into Texas for the personal use of the defendant.

"Is there a conflict between Article 666-23a, Sec. 4 (P.C.) and Article 666-17, Sec. 12 (P.C.) on the one side, and Article 666-17 (18) (P.C.) on the other side?

"If there is a conflict between the Statutes enumerated in the above paragraph, did Articles 666-17, Sec. 18, P.C., repeal, by implication, Article 666-23a, Sec. 4, P.C.?"

To arrive at a proper determination of these questions it must always be remembered that the Texas Liquor Control Act as a whole presents a broad plan for the regulation of liquor.

Article 666-17, paragraph (18), V.P.C., is quoted as follows:

"It shall be unlawful for any person to import, or to transport into this State from any place outside the State any liquor, in excess of one (1) quart, in containers to which have not been affixed proper state tax stamps, consigned to, and intended for delivery to, or being transported to any person or place located within the State boundaries, unless the same shall be consigned to the holder of a Wholesaler's Permit authorizing the sale of such liquor and at his place of business."

Article 666-23a, paragraph 4, V.P.C. provides:

"It is provided that any person may bring into this State not more than one quart of liquor for his own personal use; provided further, that he shall pay and affix thereto the required State tax stamps."

It is apparent that the above quoted sections of the Texas Liquor Control Act apply to different fact situations. Paragraph (18) of Article 666-17 applies to a person importing or transporting into this State any liquor in excess of one quart, while paragraph 4, Article 666-23a, applies to any person bringing into this State not more than one quart of liquor for his own personal use. Therefore, the two sections are not in conflict. Since there is no conflict, Article 666-17 (18) does not repeal paragraph 4, Article 666-23a.

In Boles v. State, 132 S.W.2d 881, (Tex. Crim. 1939) the Court affirmed the judgment of the trial court by which Boles was convicted for having possession of Whiskey in a pint container to which no stamp tax was affixed. This case specifically distinguishes the holding in Horton v. State, 105 S.W.2d 669, (Tex. Crim. 1937) which stood for the proposition that a person could bring a tax-exempt quart or less into the State. In the Boles decision, Judge Hawkins said:

"It appears that appellant was transporting the liquor from Louisiana into Texas. Our State's attorney calls attention to Horton v. State, 132 Tex. Cr. R. 488, 105 S.W. 2d 669, suggesting that our holding there might be regarded as against sustaining the

conviction here unless a change in the statute be mentioned. The holding in Horton's case was based on a provision in Section 4 of Art. 666, Vernon's Tex. P.C. (Acts 44th Legislature, 2d C.S., c. 467). The provision was omitted from said Section 4 under the Acts of the 45th Legislature. . . . Attention is called to the change in the 'Texas Liquor Control Act' so any apparent conflict with the holding here and in Horton's case, supra, may be dispelled."

The facts in the Boles case are similar to the facts set out in your request, namely, that the defendant possessed one pint of liquor for his personal use and without the payment of tax. Therefore, under this authority, while a person may bring into this State not more than one quart of liquor for his own personal use, if such person fails to pay the required tax, he has violated the Texas Liquor Control Act; to wit, possessing illicit beverage.

## SUMMARY

There is no conflict between Article 666-17 (18) V.P.C. and Article 666-23a (4) V.P.C. inasmuch as Article 666-17 (18) applies only when the amount of liquor imported into this State is in excess of one quart and Article 666-23a (4) applies only where the amount is one quart or less and is being used for personal use. A person who brings into this State one quart of liquor or less for his own personal use, and does not pay the required tax, violates the Texas Liquor Control Act, to wit: possessing illicit beverage. Boles v. State, 132 S.W.2d 881 (Tex. Crim. 1939).

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By John Reeves
John Reeves
Assistant

APPROVED

Price Daniel
ATTORNEY GENERAL

JR:lg:bh