## AQUILLA CONSTANT V. STATE.

No. 24749. April 26, 1950.
Rehearing Denied May 31, 1950.

Levi Pressly and Coleman Cline, by Levi Pressly, and Clyde, Love & Barnes, by Al Clyde (On Motion for Rehearing Only), all of Ft. Worth, for appellant.

Stewart W. Hellman, Criminal District Attorney, W. H. Tolbert and James E. Whitmire, Assistants Criminal District Attorney, Ft. Worth, and George P. Blackburn, State's Attorney, Austin, for the state.

GRAVES, Judge.

Appellant was convicted of the offense of theft of property over the value of fifty dollars and given a term of two years in the state penitentiary, and he appeals.

There are but two propositions presented herein: namely, the insufficiency of the evidence, and the claimed illegal arrest and search of the appellant's automobile.

The facts show that on the morning of May 28, 1949, Officer Chaffin, a city detective of Fort Worth, was working in his yard; that he was off duty and not in uniform. He received a telephone call from a party whom he did not name, but said party told him that two men, describing them, were in a car that looked like a car used by telephone people, but that it had no name on it; that the car contained goods stolen in a burglary, a load of whisky; that the persons therein were on North Main Street and on their way to Oklahoma. The officer immediately got in his car and drove out on Main Street looking for a police car, the officer being unarmed. He drove about eight blocks on Main Street and ran onto these described persons in a car as described; that he stopped them and began to talk to them. He did not say anything about the whisky, but he insisted that appellant was one, J. C. Smith, whom he knew, and appellant denied being Smith. He then bet appellant a beer that he was Smith, and finally got them to drive to the city hall and settle appellant's identity. Upon reaching the city hall, officers there searched appellant's car and found twelve cases of whisky in the back thereof. The officer did not then know where the whisky came from, but soon thereafter it was found that the warehouse of Raymond Nichols had been broken into on the night before and twelve cases of whisky taken therefrom. The whisky found in appellant's car was identified as that being taken from Mr. Nichols' warehouse. This warehouse had a parking lot at the back thereof where goods were loaded and unloaded therefrom, and a 200 or 300-watt electric light was located on the wall of such warehouse about ten feet from the ground, which light was kept burning at night. About 10:00 o'clock A.M., it was discovered that this warehouse had been broken into and that the light had been turned off. Upon complaint being made to the police, the missing goods were found to be the cases of whisky found in appellant's car.

We think the unexplained possession of recently stolen property would be sufficient upon which to allow this cause to go before a jury. See Branch's Ann. Tex. P.C., p. 1332, sec. 2463.

Appellant's Bill of Exception No. 2 complains because of the fact that the arresting officer, Mr. Chaffin, had no warrant authorizing his arrest and detention; that there was not sufficient probable cause to bring such act within an arrest therefor. In answer thereto, we think Mr. Chaffin had probable cause to make such arrest. He had information that goods taken in a burglary were then being transported by two described persons in a described car on their way to Oklahoma, and although he did not give the name of his informant, the informer was evidently a credible person and was believed by the officer; and such informer evidently knew what he was talking about. These facts are uncontroverted, and under a long line of decisions found in Texas Digest, Vol. 12, p. 546, Criminal Law, Key No. 736, the question of probable cause becomes a matter for the court unless peculiar facts make it a jury issue. See many cases there cited.

However, we find a further ground present herein supporting this arrest without a warrant. Article 325, Vernon's Ann. C. C. P., provides:

"All persons have a right to prevent the consequences of theft by seizing any personal property which has been stolen, and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such seizure, there must, however, be reasonable ground to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay."

This article operates independently of the doctrine of probable cause, and is "a wholesome statute designed to give protection from thieves, and we have neither the inclination nor the legal right to nullify its salutary provisions by declaring its operation to be controlled by the terms of the search and seizure law, enacted long after Art. 325, and which neither expressly nor by implication repeals it in our opinion." See Hepworth v. State, 111 Tex. Cr. R. 300, 12 S.W. (2d) 1018; Boles v. State, 137 Tex. Cr. R. 521, 132 S.W. (2d) 881.

This cause was submitted to the jury under the law of circumstantial evidence, and as a circumstance, a finger-print identified as that of appellant was found upon the lamp on the rear of the burglarized warehouse, which lamp was under a reflector and which had been turned off, evidently during the night time.

We find no error shown herein, and the judgment will accordingly be affirmed.

### ON MOTION FOR REHEARING.

WOODLEY, Judge.

We are unable to agree with appellant's contention that the information communicated to the officer was insufficient to constitute probable cause or reasonable ground for the arrest without warrant and search of appellant's car.

The officer testified before the court in the absence of the jury concerning such information in part as follows:

"* * * I was called and told that there was two boys in a truck that looked like a telephone truck that was leaving for Oklahoma with a load of whiskey, and that they were going out North Main and they were leaving at that time. As to whether my informant said anything about it having been stolen whiskey or that it was known to be stolen whiskey, he said it came out of a burglary. Based on that information, and having a description of the truck and having a description of the boys, I went out and intercepted the truck. This truck fit that description and the boys fit that description, and that is why I stopped the truck."

"* * * I knew there was whiskey in the car from the time I got the telephone call."

In Adams v. State, 137 Tex. Cr. R. 43, 128 S. W. 2d 41, cited by appellant, the officer's belief was predicated alone upon the accused's bad reputation and presence in the vicinity where the theft occurred.

In holding the search under such facts to be unauthorized, this court said:

"It is not the result of the search which determines the legality of the arrest and the search contemporaneous therewith, but the right to arrest and search under said Art. 325 must depend upon whether the party exercising such right had beforehand 'reasonable grounds to suppose'—or 'probable cause to believe' —that the property seized had been stolen and that the party arrested was the thief. In order to furnish such 'reasonable grounds' or 'probable cause' said party must have information or knowledge amounting to more than mere suspicion. It appears

here that the officers had nothing more than suspicion, however well founded the result of the search proved it to have been."

The officer here had "reasonable grounds to suppose" or "probable cause to believe" that the whiskey found in the truck was stolen, and that appellant was involved in the offense, as shown by his testimony above quoted.

We remain convinced that the evidence obtained as a result of such search was properly admitted.

Appellant's motion for rehearing is overruled.

Opinion approved by the Court.