The STATE of Texas, Appellant,

v.

Pedro CANTU, Jr., Appellee.

No. 13–88–587–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 31, 1989.

Discretionary Review Refused
Dec. 6, 1989.

Ralph E. Dyson, Jr., Kingsville, for appellant.

Grant Jones, Corpus Christi, David Jordan, Kingsville, for appellee.

Before DORSEY, UTTER and SEERDEN, JJ.

## OPINION

DORSEY, Justice.

Appellee, Pedro Cantu, was indicted for theft. By a motion to suppress, he challenged the legality of the warrantless search which led to the seizure of goods alleged to have been stolen. The trial court granted the motion after conducting a hearing, and the State appealed the ruling pursuant to Tex.Code Crim.Proc.Ann. art. 44.01(a)(5) (Vernon Supp.1989). We reverse.

The evidence adduced at the hearing on motion to suppress may be summarized as follows. At approximately 6:00 p.m. on June 24, 1988, Edward DeLeon, working as manager of the H.E.B. store in Kingsville, noticed appellee walking down one of the aisles toward the exit doors. DeLeon approached appellee, whom he knew by name, and detected that he was carrying merchandise underneath his shirt. When asked to produce a receipt, appellee responded, "Leave me alone," and proceeded to run out of the store into the parking lot. DeLeon and several other employees gave chase, but appellee escaped in his vehicle. DeLeon noted the license number of the car and reported it, along with a description of the appellee and his station wagon, to the police.

Shortly thereafter, Kingsville Police Officer Larry Webb received from his dispatcher appellee's name, the description of the vehicle and license number, as well as the location of its last sighting, and was dispatched as "back-up" for the theft investigation. While en route to the H.E.B. store, Webb received another call concerning a traffic accident, to which he immediately responded. At the accident scene, the officer saw a brown station wagon which fit the dispatcher's description of the vehicle involved in the theft. The vehicle also bore the described license plate number. Webb approached appellee, who was standing some 20 feet from the station wagon, frisked him, and informed him that he was a theft suspect. The officer then walked over to the vehicle, which had become disabled and inoperable as a result of the accident, and looked inside through the windows. In the back passenger compartment, he noticed a white paper towel stained with what appeared to be blood; according to Webb, the towel was similar to those used by H.E.B. to wrap meat.

Without placing appellee under arrest, Webb commenced a search of the interior of the station wagon, checking the glove

compartment and area beneath the seats. As he was preparing to search the rear "hatchback" section of the wagon, appellee began to complain of chest pains. The officer discontinued his search, summoned medical help, and attended to appellee until an ambulance arrived.

Webb then began to check the surrounding area, looking for any stolen goods which may have been "ditched" by appellee during his escape. After finding nothing, he returned to the vehicle to resume his search. Webb unlocked the rear hatch with a key; the record does not state how the key was procured. He lifted up the spare tire and found underneath it a shirt wrapped around several cold packages of meat; several of the packages bore "H.E. B." markings. Webb seized the meat, shirt, and paper towel and had the station wagon impounded.

Appellee moved to suppress the seized evidence on federal Fourth Amendment grounds. At the hearing on the motion, the State's sole contention was that the evidence should be admitted by virtue of Tex.Code Crim.Proc.Ann. art. 18.16 (Vernon 1977), which reads:

> All persons have a right to prevent the consequences of a theft by seizing any personal property which has been stolen and bringing it, with the supposed offender, if he can be taken, before a magistrate for examination, or delivering the same to a peace officer for that purpose. To justify such a seizure, there must, however, be reasonable grounds to suppose the property to be stolen, and the seizure must be openly made and the proceedings had without delay.

On appeal, the State asserts by its sole point of error that the trial court "failed to rule according to law and improperly granted the motion to suppress." In its argument, the State does not address the grounds on which the trial court relied in making its ruling, i.e., the Fourth Amendment; rather, it limits its argument to the applicability of article 18.16.

■ Because the appellant assails the ruling on grounds ostensibly different than that the court founded its ruling on, we must first determine whether we can analyze the court's action on Fourth Amendment grounds under appellant's point of error and argument. We conclude we may on two bases: 1) that Rule 74(p) Rules of Appellate Procedure, which provides the briefing rules are to be liberally construed and 2) that "reasonable grounds" required of the officer is the same as probable cause under a constitutional analysis.

■ To argue that Officer Webb had "reasonable grounds" under article 18.16 to search appellant's car for stolen goods is tantamount to arguing that the officer had "probable cause" under the Fourth Amendment to conduct the search.[1] *See Adams v. State*, 128 S.W.2d 41, 43 (Tex.Crim.App. 1939); *Hepworth v. State*, 12 S.W.2d 1018, 1021 (1928). The statute may not restrict an individual's right to be free from unreasonable searches and seizures. Therefore, we will proceed with an analysis of the federal constitutional principles governing searches and seizures as they apply to the instant case.

The rights embodied in the Fourth Amendment are preserved by the cardinal principle that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable—subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U.S. 347, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967). One is the so-called "automobile exception," set forth in *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925). In *Carroll*, it was held that the sole "measure of legality" of a warrantless

---

**1.** We recognize that the Court of Criminal Appeals, in *Constant v. State*, 229 S.W.2d 791, 793 (Tex.Crim.App.1950), stated that article 18.16 operates "independently" of the doctrine of probable cause. In making this statement, the Court cites *Hepworth*, which stands for the opposite proposition. Moreover, we do not feel this language constitutes the holding of *Constant*, given that the Court, on rehearing, concluded that "probable cause" existed to justify the search in question. We believe that any reliance on the *Constant* language to separate article 18.16 from the doctrine of probable cause is misplaced.

search of a vehicle is whether the officer has probable cause to believe it contains evidence of a crime. *Id.* 45 S.Ct. at 286; *see also Colorado v. Bannister,* 449 U.S. 1, 101 S.Ct. 42, 43, 66 L.Ed.2d 1 (1980). In so holding, the Court recognized the difference between a search for contraband in a house or place of business, and a similar search of a "ship, motor boat, wagon or automobile," where it is not practicable to secure a warrant because the vehicle can be "quickly moved" out of the jurisdiction in which the warrant must be obtained. *Id.* 45 S.Ct. at 285. Thus, the Court concluded that although one has constitutionally protected privacy interests in an automobile, the ready mobility of the vehicle justifies a lesser degree of protection of those interests. *Id.*

█ Appellee argues that in the instant case, the "ready mobility" justification for a warrantless search of an automobile cannot apply since the station wagon was disabled at the time of the complained-of search. We agree. However, this conclusion does not preclude the applicability of the "automobile exception."

In later cases published after *Carroll,* the United States Supreme Court has recognized another justification for the exception which does not rely on "mobility." In *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976), the Court explained that the reasons for the vehicle exception are two-fold:

> Besides the element of mobility, less rigorous warrant requirements govern because the *expectation of privacy with respect to one's automobile is significantly less* than that relating to one's own home or office. (emphasis ours).

*Id.* 96 S.Ct. at 3096. These reduced expectations of privacy derive not from the fact that the area to be searched is in "plain view," but from the compelling governmental need for regulation of vehicles capable of traveling on the public highways. *California v. Carney,* 471 U.S. 386, 105 S.Ct. 2066, 2069, 85 L.Ed.2d 406 (1985).

Thus, it has been held that even where an automobile was not immediately mobile, the lesser expectation of privacy resulting from its use as a readily mobile vehicle justified the application of the vehicular exception. *Texas v. White,* 423 U.S. 67, 96 S.Ct. 304, 46 L.Ed.2d 209 (1975); *Chambers v. Maroney,* 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Both *White* and *Chambers* involved the search of an automobile after it had been seized and taken to a police station. In each case, the Court concluded that the search was proper because although there was no danger that the car could be moved, the "probable cause factor" that developed at the scene "still obtained at the station house." *White,* 96 S.Ct. at 305; *see also Chambers.* 90 S.Ct. at 1981. Hence, it is apparent that as long as the overriding standard of probable cause is met, the lesser expectation of privacy in automobiles will serve to justify a warrantless vehicular search and seizure.

The Supreme Court in *Carroll* defined probable cause as follows: "If the facts and circumstances before the officer are such as to warrant a man of prudence and caution in believing that the offense has been committed, it is sufficient." *Id.* 45 S.Ct. at 288. We believe that in the case at bar, Officer Webb had more than enough probable cause to believe that appellee was transporting merchandise which he had recently stolen. First, appellee and his station wagon (including the license plate) matched the dispatcher's description of the perpetrator and get-away car involved in a recent theft at an H.E.B. Second, appellee was further identified at the scene of the accident as having the same name as the thief reported by DeLeon, the store manager. Third, Webb observed in plain view in the back seat of the vehicle a white, blood-stained paper towel which he recognized as the type used by H.E.B. to wrap meat; this observation warranted Webb's suspicion that the station wagon contained stolen packages of meat.

Given the existence of probable cause, we conclude that the "automobile exception" is applicable in this case and should have served to render the stolen merchandise admissible as the fruit of a legal search and seizure. Because the trial court

erred in suppressing the evidence, we sustain the State's point of error.

The judgment of the trial court is REVERSED and the cause REMANDED with instructions to deny the motion to suppress.