Affirmed and Opinion filed August 26, 2011.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-10-00408-CR

___________________

 

Valarie CHRISTINA Knight,
Appellant

 

V.

 

The State of Texas, Appellee



 



 

On
Appeal from the 434th District Court

Fort Bend County,
Texas



Trial Court Cause No. 53811B

 



 

 

MEMORANDUM OPINION

            Appellant Valarie Christina Knight was indicted for committing
the state jail felony of theft of property valued at less than $1,500 with two
or more prior theft convictions.  See Tex. Penal Code Ann. § 31.03(e)(4)(D)
(Vernon 2011).  The trial court denied appellant’s pre-trial motion to suppress
certain evidence, and appellant entered into a plea bargain with the State. 
The trial court accepted the plea agreement, adjudicated appellant guilty, and assessed
an enhanced sentence of 10 years of confinement subject to the completion of
three years of probation in accordance with the State’s recommendation.  We
affirm.

BACKGROUND

Appellant was indicted for stealing merchandise from
a Kroger grocery store in Missouri City, Texas.  Kroger Assistant Manager
Christopher Cook testified that a Kroger employee notified him on February 1,
2010 that appellant, who was shopping in the store, was suspected of shoplifting.[1]  Cook approached
appellant after Cook saw appellant push a grocery cart containing what appeared
to be Kroger merchandise past all points of sale towards the exit.  Cook testified
that some of the merchandise in the grocery cart was not inside grocery bags,
and that a Kroger employee would have placed all of the items without a handle
into grocery bags at the checkout register.  Cook testified based on his
knowledge and experience that he suspected appellant intended to steal the
items.  Cook stopped appellant as she pushed part of the cart through the exit
doors and asked her if she had a receipt for the merchandise in her cart.  Appellant
stated that her sister was inside the store with the receipt.  Cook told the
appellant, “Let’s go,” and the two walked away from the exit and back into the
main area of the store.  At no time did appellant show Cook a receipt for the
merchandise.  

After a few moments, appellant turned around and attempted
to leave the store without the grocery cart.  Cook blocked the exit.  Appellant
pushed Cook out of her way and left the store without the shopping cart.  Cook
followed appellant to the parking lot and instructed his employees to call the
police.  Cook testified that appellant turned and struck Cook on the side of
his face before walking to a vehicle in the parking lot.  Cook placed an
overturned shopping cart behind the back of the vehicle to prevent appellant
from reversing the vehicle and leaving the parking lot.  The police arrived and
arrested appellant.  The police requested and Cook turned over a list totaling
the value of the merchandise that had been in the grocery cart; the police did
not ask for or confiscate the merchandise itself.  

Appellant filed a pre-trial motion to dismiss,
arguing that “the detention and/or search and arrest of [appellant] by civilian
witness Christopher Cook was made without a warrant for her arrest, was
performed without her consent and without the authority of law that would
authorize [appellant’s] detention . . . and equates to a false imprisonment of
her person.”  She argued specifically that Kroger employees did not have any
authority to detain or arrest her after appellant abandoned the shopping cart
full of merchandise inside the grocery store.  Appellant argued that Cook’s
actions therefore “violated the constitutional and statutory rights of
[appellant] under the Fourth, Fifth, Sixth and Fourteenth Amendments to the
United States Constitution, Article I, Section 9 of the Texas Constitution and
Article 38.23 of the Texas Code of Criminal Procedure.”  She requested the
suppression of any and all evidence “from the point in time in which [appellant]
begins to walk away and/or abandons the ‘grocery cart’ which containing [sic]
the alleged merchandise belonging to Christopher Cook in this case onward.”   

The trial court held a hearing on appellant’s
motion.  Cook testified regarding the events that took place on February 1,
2010.[2] 
Appellant introduced the Kroger surveillance video into evidence, which
corroborates Cook’s testimony regarding the events that took place inside the
grocery store.  The video shows Cook approaching appellant just as she attempts
to exit the store with a grocery cart filled with items.  Cook and appellant
have a brief exchange before they walk away from the exit and back into the main
area of the store.  After a few moments, appellant turns around, abandons the grocery
cart, and attempts to leave the store.  Cook attempts to block appellant from
the exit, and the two engage in a brief struggle.  Appellant pushes Cook out of
her way and exits the store without the grocery cart.  Cook follows appellant
out the store and into the parking lot, which is beyond the scope of the camera’s
view. 

The trial court denied appellant’s motion to suppress. 
Appellant thereafter entered into a plea agreement with the State.  The trial
court accepted appellant’s plea of nolo contendere, found appellant guilty, and
assessed an enhanced sentence of 10 years of confinement subject to the
completion of three years of probation in accordance with the State’s
recommendation.  Appellant argues in her only issue on appeal that the trial
court erred in denying her pretrial motion to suppress.

ANALYSIS

The trial court is the sole judge of the weight and
credibility of the evidence at a hearing on appellant’s motion to suppress
evidence, and the trial court’s finding may not be disturbed on appeal absent a
clear abuse of discretion.  Wood v. State, 18 S.W.3d 642, 646 (Tex.
Crim. App. 2000) (citing Alvarado v. State, 853 S.W.2d 17, 23 (Tex.
Crim. App. 1993) and Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim.
App. 1990)).  In reviewing the trial court’s decision, we view the evidence in
the light most favorable to the trial court’s ruling.  Id.  The
appropriate standard for reviewing a trial court’s ruling on a motion to
suppress is a bifurcated standard of review, giving almost total deference to a
trial court’s determination of historical facts and reviewing de novo
the court’s application of the law.  Maxwell v. State, 73 S.W.3d 278,
281 (Tex. Crim. App. 2002). 

A person commits theft if she unlawfully “acquire[s]
or otherwise exercise[s] control” over property with the “intent to deprive the
owner of property.”  Tex. Penal Code Ann. §§ 31.01(4)(B); 31.03(a) (Vernon
2011).  Article 18.16 of the Texas Code of Criminal Procedure authorizes any
person to “prevent the consequences of theft” by seizing stolen personal
property and the person suspected of committing the theft without a warrant and
delivering both to a magistrate or peace officer.  Tex. Code Crim. Proc. Ann. art.
18.16 (Vernon 2005).  An individual must have “reasonable grounds” to believe
the property is stolen to justify a warrantless arrest under this article.  Id.;
see also Constant v. State, 229 S.W.2d 791, 792–93 (Tex. Crim. App.
1950).  Evidence obtained as a result of an unlawful arrest by an officer or
other person must be excluded under Texas Code of Criminal Procedure article
38.23.  See Tex. Code Crim. Proc. Ann. art. 38.23 (Vernon 2005); Paulea
v. State, 278 S.W.3d 861, 866 (Tex. App.—Houston [14th Dist.] 2009, pet.
ref’d).   

The “reasonable grounds” articulated in article 18.16
equate to “probable cause.”  See Aitch v. State, 879 S.W.2d 167, 172
(Tex. App.—Houston [14th Dist.] 1994, pet. ref’d); see also Adams v. State,
128 S.W.2d 41, 43 (Tex. Crim. App. 1939); Hepworth v. State, 12 S.W.2d
1018, 1020–21 (Tex. Crim. App. 1928).  Probable cause for a warrantless arrest
exists when a person possesses reasonably trustworthy information sufficient to
warrant a reasonable belief that an offense has been or is being committed.  Paulea,
278 S.W.3d at 864 (citing McGee v. State, 105 S.W.3d 609, 614 (Tex.
Crim. App. 2003)).  In order to furnish such “reasonable grounds” or “probable
cause,” a person must have information or knowledge amounting to more than mere
suspicion.  Adams, 128 S.W.2d at 43–44. 

Appellant does not dispute the veracity of Cook’s
testimony or the trial court’s conclusion that Cook had reasonable grounds or
probable cause to believe that appellant was committing theft at the moment when
Cook confronted appellant at the store exit with a grocery cart containing
unbagged store merchandise.  See Hill v. State, 633 S.W.2d 520, 521
(Tex. Crim. App. 1981) (“It is apparently appellant’s contention that, since he
never left the shop with the handguns, he is at most guilty of attempted
theft.  But it is not essential that the property be taken off the premises; it
is instead only essential that the evidence show an exercise of control over
the property, coupled with an intent to deprive the owner of the property.”)
(internal quotation omitted); Barnes v. State, 513 S.W.2d 850, 851 (Tex.
Crim. App. 1974) (“Having taken possession and control of the automobile by
entering it and starting the motor, with his hands on the steering wheel, with
the obvious intent to drive it away, the taking was complete although appellant
was interrupted before he had time to abscond with it.”); see also Tex.
Penal Code Ann. §§ 31.01(4)(B), 31.03(a).  

Instead, appellant argues that Cook had no reasonable
grounds or probable cause to detain her further after appellant abandoned the
shopping cart full of merchandise inside the store.  We do not agree that
Cook’s right to arrest appellant under article 18.16 terminated when she
relinquished control of the stolen property.  See Simpson v. State, 815
S.W.2d 900, 902–03 (Tex. App.—Forth Worth 1991, no pet.) (appellant attempted
to shoplift by concealing meat from the meat counter in her girdle before
checking out at the register with only a pack of gum and a can of corn; on
appeal, the court rejected appellant’s argument that store employees were
without reasonable grounds to arrest her under article 18.16 after she removed
or dropped the meat).  The trial court properly denied appellant’s motion to
suppress based on this argument.  See Maxwell, 73 S.W.3d at 281.

CONCLUSION

Having overruled appellant’s only issue on appeal, we
affirm the judgment of the trial court.

 

                                                                                    

                                                                        /s/        William
J. Boyce

                                                                                    Justice

 

 

 

Panel consists of Justices
Brown, Boyce, and Jamison.

Do
Not Publish — Tex. R. App. P. 47.2(b).









[1] These facts are taken
from the evidence presented at the hearing on appellant’s motion to suppress.





[2] Kroger store manager
Daniel Grabsky also testified regarding the Kroger store theft prevention
policy.  His testimony is not relevant to appellant’s issue on appeal.