## BILL LEE v. THE STATE.

No. 8000.    Delivered March 4, 1925.

Rehearing denied June 24, 1925.

**1.—Arson—Accomplice Testimony—Charge On—Held Correct.** ·

The charge of the court in this case that Wesley Taylor, a witness for the State, was an accomplice, and the law governing the corroboration of such witness, is commended, as correctly presenting the law applicable to this issue, and special charges of appellant, presenting the same issue, were properly refused.

**2.—Same—Rights of Counsel—To Talk to Witnesses—Practice.**

Appellant complains by bill of exception of the refusal of the court to compel a witness to talk to his counsel. The bill reflects the fact that the court gave counsel every opportunity to talk to said witness, and told witness he could talk to them if he so desired. We. know of no law to compel a witness to talk to counsel for the accused.

**3.—Same—Evidence—Invoices—Not Identified—Properly Excluded.**

Where appellant offered certain invoices of goods purported to have been purchased by appellant and his partner prior to the fire, and no evidence of identification of these invoices being presented by appellant or his partner, the court properly refused to admit them in evidence.

**4.—Same—Accomplice testimony—Corroboration, Held Sufficient.**

In this case the state relied upon the testimony of one Taylor, a confessed accomplice, to secure a conviction. The record contains evidence of many facts, and circumstances which tend to corroborate said witness, and the court having correctly submitted the issue to the jury, for their determination, we are not disposed to disturb their findings.

ON REHEARING

**5.—Same—Bills of Exception—Practice on Appeal.**

Where counsel wishes to have a bill of exception in question and answer form considered by this court, he must show in some way that the trial court deemed it necessary for this court's understanding of the matters involved, and to aid this court, that the bills of exceptions be in question and answer form, otherwise such bills will not be considered.

Appeal from the District Court of Floyd County.    Tried below before the Hon. R. C. Joiner, Judge.

Appeal from a conviction of arson; penalty, two years in the penitentiary.

The opinion states the case.

*A. C. Hatchell & Kenneth Bain*, for appellant.

*Charles Clements, Williams & Martin, Tom Garard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney. for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the District Court of Floyd County of arson, and his punishment fixed at confinement in the penitentiary for a period of two years.

Appellant has filed in this case an extended and able brief, much of which is devoted to a discussion of propositions which can not be considered for the reasons relating to bills of exception set out in this opinion. In the court's charge on circumstantial evidence appears the following:

"You are instructed that in this case the witness Wesley Taylor is charged as a principal, and as applied to his testimony he is to be regarded as that of an accomplice and you are instructed that you can not convict the defendant upon his testimony unless you first believe that the testimony of the said Wesley Taylor is true, and that it shows the defendant guilty of the offense charged in the last count of the indictment, and even then you can not convict the defendant upon said testimony unless you further believe that there is other testimony in the case corroborative of the testimony of the said Wesley Taylor, testimony tending to connect the defendant with the offense charged; and the corroboration is not sufficient if it merely shows the commission of the offense but it must tend to connect the defendant with its commission, and then from all of the evidence you must believe a reasonable doubt that the defendant. is guilty of the offense as charged against him in the last count of the indictment."

This charge is commended as correctly presenting the law applicable to this issue. It follows that in our judgment the refusal of special charges 1, 2 and 4 on this same subject, was not error.

Appellant has a large number of special charges each of which has been examined and the refusal of none of which appears erroneous. Some were covered by the main charge, others presented incorrect propositions of law, and yet others attempted to single out particular facts and make the guilt of appellant, or the sufficience of the corroboration of the accomplice, depend on such fact when in truth it does not in any instance. The exceptions to the charge present no error. If they were apt when taken, the charge must have been changed to conform to such suggestions.

Appellant reserved thirty-six bills of exception, many of which have not been brought forward. All of those appearing in the record have received our consideration. One is to the refusal of the court to compel a witness to talk to appellant's counsel. We know of no law for the proposition. The bill reflects the fact that the court gave

counsel every opportunity to talk to said witness, and told witness that he could talk to them if he so desired. Eleven of said bills of exception are in question and answer from and for reasons given in many opinions handed down by this court, can not be considered. Several bills present the separate paragraphs of the exceptions taken to the court's charge, but a discussion of them would elucidate no new proposition and be of no aid to the profession. A number of bills brought forward in the record present exceptions to the refusal of special charges which we have considered and are of opinion the refusal of same presents no error, and a discussion of same would but extend this opinion.

Bill No. 36 complains of the rejection of certain invoices of goods purported to have been purchased by appellant and his partner between the date of their buying of the garage which was burned, and the fire. No effort was made to identify these invoices by appellant or his partner. They were produced by the bookkeeper of said firm, who testified that he did not order the goods or receive the invoices; this part of the business was attended to by Mr. Sams, one of the partners, who was shown to be in California at the time of the trial and no effort had been made to take his deposition. The State objected to the introduction of said invoices on the ground that same were not proved up, which objection was properly sustained. Manifestly the documents could not prove themselves, and in the absence of some witness who from his own knowledge could verify and prove them up, the bill of exceptions presents no error

The count under which appellant was convicted charges him as an accomplice to the offense of arson. It was shown in testimony that the garage was burned by one Wesley Taylor. Taylor testified fully making out the State's case if he was corroborated. It appears that appellant had gone on Taylor's bond for some offense committed prior to this fire. Taylor testified that some weeks before the fire appellant approached him and offered him $50.00 to burn the garage, but the discussion did not go very far. A few days before the fire appellant again approached him and offered him $200.00, saying that the bank was crowding them and that they were hard up and concluded to let the insurance company pay their debts. He and appellant that night discussed the matter of the plans for the burning, Taylor said that on the day before the date they agreed on he got his own car out of the garage and went back that night about ten o'clock and he and appellant made a survey of the back part of the garage and agreed on the place that the fire was to be set and located the matches and gasoline to be used, and also decided that the building must be fastened so that it could not be entered from the outside and thus suspicion be allayed, and that Taylor was to make his escape up the elevator and out of the building. Taylor

said that while he and appellant were going over this he saw Harvey Bolin come into the front of the building. He further testified that appellant said because he had been in so much trouble with the courts he must be at home asleep or at some other place when the fire occurred, and they agreed that it should not be set until about two o'clock A. M. He further testified that about this time that night he went back and got the can of gasoline and took it under the stairs where they had agreed the fire should be set and threw it around back there and then struck a match; when this was done the whole thing flared up so hastily that witness was severely burned about the face and hands before he could get out. He then got in his car and drove to Floydada, the county seat, and called for a doctor to come down and dress his burns. The next morning about eight o'clock a friend of his came from Lockney, his home town and where the garage was burned, and carried him to his mother's home in said town.

The doctor who treated the burns of Taylor was used as a witness by the State and testified to the fact that between two and five o'clock on the morning of the night of the fire he was called down to his office and found Taylor there very badly burned about the hands and face. Taylor told him that he was bringing a man from Ralls and his car got out of fix in the canyon, in the night time, and that he drew some gasoline and was trying to fix it and lit a match and an explosion followed and he thus received his burns. This same story of Taylor as to how he got burned was testified to by the young man who came from Lockney to Floydada and got him the morning after the fire. Taylor's mother was used as a witness and testified that on the same morning that her son was brought home from Floydada, badly burned, appellant came to the house and told her that he had employed a lawyer for Taylor and for him not to talk to anyone else about the fire. This witness testified that on other occasions appellant came to see Taylor and talked to her and told her not to let anyone talk to Taylor without sending for him, appellant. On one occasion he told her that he and his lawyer had had a misunderstanding and for her not to let Taylor tell the lawyer anything. It does not appear in the record that at the time appellant went to Taylor's home and told her he had employed a lawyer for him, that any charge had been made against Taylor, or that there was any necessity for the employment of a lawyer. By other witnesses the State showed appellant's solicitude toward the owner of the building in which his garage was, in regard to having some insurance and toward the owners of cars in the building with regard to having their cars insured. Harvey Bolin testified that he saw Taylor in the back of the garage with appellant the night of the fire. It was shown that Taylor worked in another part of the town.

Appellant made Taylor's bond when he was charged with this arson. The collection of large sums of money resulting from insurance on the stock was also shown. Appellant and his partner purchased the stock in July from Griffith Bros. and it was shown they had paid nothing on the stock. The fire occurred the 8th of October following their purchase. Appellant introduced in his behalf one Brown who was shown to have been connected with a bank in Lockney and to have collected a large part of the insurance on the burned stock. Brown claimed that appellant's firm owed the bank and owed him. On cross-examination is was shown that he was no longer connected with the bank, and the bank books were produced and he was asked to find the place in them where appellant's firm had any account with the bank, or which showed appellant's firm owed the bank anything, or any place showing that appellant or his firm owed witness anything. He could not find the pages. In the testimony of Taylor appears some facts which tend to criminate Brown. Another witness was introduced who testified that he tried to borrow money from Brown while he was connected with the bank upon what appeared to be good collateral but Brown refused to lend him money unless he would take out an insurance policy on his car and put the car in appellant's garage, in which event Brown agreed to accept the insurance policy as collateral for a $300.00 loan. We regret our inability to agree with the contention of appellant that the accomplice is not coroborated. We are of opinion that he is. Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, Judge.—Most of appellant's motion is devoted to an earnest and able argument against the sufficiency of the testimony, but in as much as the State's case was fully made out, if the witnesses be deemed credible, and our statute making the jury the sole judges of the credibility of the witnesses, we would not feel justified in holding the facts not sufficient.

Special charge No. 3, which he urges as appropriate, and the refusal of which he insists was error, seems to us to be covered by paragraph seven of the main charge. Said special charge sought to have the jury told that they could not convict appellant unless they believed beyond a reasonable doubt that Taylor did burn Merriweather's house, and not then unless they further believed beyond a reasonable doubt that prior thereto appellant advised, commanded or encouraged Taylor to so burn same, and that appellant was not present when it was burned. Paragraph seven of the main charge told the jury that if they believed beyond a reasonable

doubt that Taylor did burn Merriweather's house, but if they had a reasonable doubt of the fact that prior thereto appellant did advise; command or encourage Taylor to so burn, and that appellant was not present when same was burned, they should acquit. We state this much to made plain our belief that the special charge was covered by that part of the main charge given.

We know of no rule of law which would justify the trial court in seeking to compel a witness for either side to talk to counsel for the other side if the witness was unwilling to do so, nor have we been cited to any authorities holding to the contrary of this view.

One who wishes to have a bill of exceptions in question and answer form considered by this court, must show in some way that the trial court deemed it necessary for this court's understanding of the matters involved, and to aid this court, that the bill of exceptions be in the question and answer form. Neither of the bills referred to, a consideration of which we declined because they were in question and answer form, contains any certificate of the trial judge to the effect just mentioned.

The motion for rehearing will be overruled.

*Overruled.*