ELLIS McNEIL v. THE STATE.

No. 13192.   Delivered March 26, 1930.
Reported in 26 S. W. (2d) 217.

The opinion states the case.

*Jno. T. Buckley* of Borger, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

The State's testimony fully makes out a case.   The jury have settled any fact contention against appellant.

There is but one bill of exception and this complains of the refusal of a continuance.   Looking to the application therefor, we observe that no copy of any process, or application for same, was attached to the motion for continuance.   It is not stated therein that same was the first application, and in such case we regard it as a subsequent motion.   McKenzie v. State, 11 S. W. (2d) 178.   The application does not set up that the testimony can not be had from any other source known to appellant, this being essential in a second application.   See McKenzie v. State, supra.

On the point that a bill of exception to disclose error in regard to the refusal of a continuance must show that process was issued and placed in the hands of the proper officer, see Bradford v. State, 224 S. W. Rep. 901.

The indictment, charge of the court, judgment and sentence appear to be in conformity with law.

No error appearing, the judgment will be affirmed.

*Affirmed.*