## J. T. Jones, Jr., v. State.

No. 25239. May 2, 1951.
Rehearing Denied June 27, 1951.

Hon. J. R. Black, Judge Presiding.

*Larry Scarborough,* and *George W. Overshiner,* Abilene, for appellant.

*Wiley Caffey,* District Attorney, Abilene, and *George P. Blackburn,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Rape by force is the offense; the punishment, confinement in the penitentiary for life.

About dusk on October 3, 1950, a tire upon the automobile prosecutrix was driving, unaccompanied, went flat near Abilene, where she lived. Appellant came along in his automobile and offered his assistance, which prosecutrix accepted. After a time and with some degree of difficulty, the tire was removed and appellant, in his car, carried it to a service station to get it repaired. In about fifteen minutes appellant returned with the repaired tire and placed it upon the automobile.

According to the testimony of prosecutrix, appellant grabbed her and by force and by assault placed or made her get into his automobile. He then drove some distance onto a lonely country road, where he stopped the car and there, by force and threats, raped her. After the completion of the act he returned prosecutrix to her automobile, at the time threatening her life if she told anybody. Prosecutrix drove her car home and communicated to her husband what had happened. The police and a doctor were called.

Appellant was arrested the following morning and prosecutrix positively identified him as the rapist. In this identification, prosecutrix was corroboratetd by other facts and circumstances which need not be her detailed.

Appellant denied his guilt and relied upon an alibi as an affirmative defense, as to which there was some corroboration.

It was the province of the jury to solve the fact issue thus presented, and their verdict, finding support in the testimony, will not be disturbed.

Appellant being unable to employ counsel to represent him, the trial court appointed three young attorneys of the Abilene, Texas, bar, as his counsel.

It appears that the indictment was returned against appellant on October 10, 1950. Three days thereafter, on October 13, 1950, he was arraigned, at which time the three attorneys were appointed. At that time appellant was endeavoring to secure counsel of his own selection and it was not until October 16, 1950,

that he advised his appointed attorneys that he would rely upon their services.

The case was called and proceeded to trial a week thereafter.

When the case was called for trial, appellant presented an application for a continuance which, in effect, sought a delay of the trial until his attorneys could have sufficient and reasonable time to prepare for the trial and interview witnesses, especially in the light of the public feeling and the publicity given the case.

The application was not based upon any statutory ground. It was addressed entirely to the discretionary powers of the trial court. It was the province of that court to accept or reject the motion, and his action in rejecting same is reviewable by this court only to determine whether his action is so manifestly wrong as to evidence an abuse of discretion.

In the light of the record as a whole, we are constrained to agree that reversible error, in the respect mentioned, is not reflected and that the trial court did not abuse his discretion with reference thereto.

A motion to change the venue of the case was based chiefly upon the notoriety given by newspaper articles in detailing what purported to be the facts of the case and other claimed prejudicial statements.

One of the factors ordinarily entering into a determination as to when the venue of a case should be changed is the viewpoint of the prospective jurors as well as the jurors selected therefrom to try the case. This record does not reflect the number of prospective jurors who had opinions regarding the case, the number of challenges exercised by the respective parties, or any other facts touching the selection of the jury that tried the case.

The bill of exceptions presenting this question is, among other things, qualified by the trial court as follows:

"The Court excused every juror that stated or left the impression that he had an opinion in the case and as he recalls no juror testified that he had any bias or prejudice in the case and at no time during the selection of the jury was an exception

or objection made because the Court failed to excuse any single juror."

The appellant, having accepted the above qualification, is bound thereby.

If it be conceded that a prejudice existed against appellant, yet there is an absence of any testimony that such prejudice found its way into the jury box.

It has been held that newspaper publicity, alone, does not establish prejudice or require the change of venue. Walker v. State, 124 Tex. Cr. R. 112, 60 S. W. 2d 455; Outlaw v. State, 125 Tex. Cr. R. 636, 69 S. W. 2d 120.

In the light of the record here presented, we cannot agree that the trial court abused his judicial discretion in refusing to change the venue of the case

On the day set for trial the attorneys for appellant presented to the trial court a motion in which it was alleged, among other things, that they had not had an opportunity to talk with and ascertain from the prosecutrix what she claimed the facts to be, in order that they might intelligently interrogate the prospective jurors. The prayer was for an order from the trial court permitting said attorneys to talk with the prosecutrix and that prosecutrix be instructed that the attorneys had the legal right to talk with her and to ascertain from her what she knew about the case and what her testimony would be upon the trial of the case.

It is made to appear, and the trial court so certifies, that the prosecutrix was not under process so as to come under the jurisdiction of the court as a subpoenaed witness and that, by reason of such fact, he was without authority to require the witness to submit to examination or questioning of appellant's counsel. The bill of exceptions further certifies that the trial court advised counsel that, in so far as he was concerned, they had his complete permission to talk with the witness.

Such matters as these come largely within the discretionary powers of a trial judge. However, as we said in Lee v. State, 100 Tex. Cr. R. 664, 274 S. W. 582-585:

"We know of no rule of law which would justify the trial court in seeking to compel a witness for either side to talk to

counsel for the other side if the witness was unwilling to do so, nor have we been cited to any authorities holding to the contrary of this view."

We are unwilling to agree that the trial court fell into error in refusing to grant the motion, as requested.

The other complaint presented relates to jury misconduct. The alleged misconduct is shown by the affidavit of one of the jurors. The eleven other jurors made affidavits contradicting the statement of the one juror. Other than the affidavit mentioned, no evidence was introduced upon the hearing of the motion for new trial. The trial court was authorized to accept the affidavits of the eleven jurors by which it was shown that the alleged misconduct did not occur.

Other matters appearing have been examined and are overruled without discussion.

The three young men who, without remuneration, represented appellant at the appointment of the court are to be commended for the able and faithful performance of their duty as lawyers and for the representation given the appellant not only in the trial court but in this court.

No reversible error appearing, the judgment is affirmed.

Opinion approved by the court.

### ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

The very diligent attorneys representing appellant have filed a motion for rehearing and presented oral argument in his behalf.

Three of the four questions presented in this motion were treated in the original opinion. The question relating to the argument of the district attorney was not discussed in the opinion because it was not then and is not now considered of importance.

In his closing argument the district attorney referred to the prosecuting witness as representative of every innocent pure woman in Taylor County who did not know the accused. This

brought no new fact before the jury. It was not an argument with any force. We see nothing inflammatory about it. It was merely making a speech. The cautious trial judge instructed the jury not to consider it. The fact that the trial judge did this is no evidence of the harmful effect of the argument. It merely pacified, as far as it might, the complaining attorneys.

It is neither possible nor advisable to write on every question brought forward on appeal and it is not the custom to do so unless the question might be viewed with some importance.

The entire record in this case was carefully considered on original submission and we remain of the opinion that proper disposition was made of the case. Appellant's motion for rehearing is overruled.