RANDELL DUNCAN V. STATE

No. 31,906. May 25, 1960

Motion for Rehearing Overruled October 19, 1960

*Robert M. Allen,* Henderson, *Power, McDonald and Mell,* by *Milton Greer Mell,* Gilmer, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The offense is rape; the punishment, five years.

The evidence from the standpoint of the state, including the testimony of the 16 year old prosecutrix, that of her mother and the physician who examined the prosecutrix, and that of the sheriff shows that the appellant committed the offense charged against him.

Appellant testifying in his own behalf admits that he and the prosecutrix attended a theater and afterwards parked in a rural area where they engaged in hugging, kissing and other intimacies to the extent that he fingered her sexual parts which could have caused the condition as shown by the examination of the physician. He denied any act of intercourse or that he made any effort to accomplish it.

Appellant contends that the trial court erred in overruling his subsequent motion for a continuance because of the absence of Bruce Howell for whom a subpoena had been returned unserved.

The subpoena for Bruce Howell was issued December 4, 1959, and the trial began December 7, 1959. The second application, dated December 7, alleged that the appellant expected to prove by Bruce Howell that he had had sexual intercourse with the prosecutrix before the date of the offense charged in the indictment.

It is alleged that the offense was committed July 21, 1959. Appellant was arrested July 22, and the indictment was returned against him September 9. He first employed an attorney July 24 or July 25 and after his withdrawal on September 11 he engaged another September 18, who withdrew on November 14, and he employed other counsel on the same day who also withdrew November 22, and he engaged present counsel December 3, 1959.

The first trial was set for October 19, but the first application for a continuance was presented and granted October 15, and the case was then reset for trial December 7.

There is no showing in the record that the witness had ever been located. There is no affidavit by Bruce Howell or a showing under oath from any source what his testimony would have been if present. The motion fails to allege that if the act occurred the prosecutrix voluntarily and willingly submitted.

No abuse of discretion is shown by the trial court in overruling the subsequent motion for a continuance. Arts 543-544, V.A.C.C.P.

Appellant contends that the trial court erred in overruling his motion for a mistrial following the volunteered statement of the mother that the father of the prosecutrix was killed in the service three days after her birth.

This arose during the cross-examination of the mother when she was asked if the prosecutrix was her daughter by a previous marriage and she answered: "Yes, sir, her father was killed in the service three days after her birth."

Appellant's counsel immediately moved for a mistrial because of the volunteered unresponsive, inflammatory and prejudicial statement of the witness which motion was overruled. He next requested and the court instructed the jury not to consider the witness' answer for any purpose.

The trial court's prompt instruction to the jury not to consider said statement for any purpose, and there being no further refrence thereto, it is concluded that there was no error in refusing a mistrial. Andrews v. State, 163 Tex. Cr. Rep. 81, 289 S.W. 2d 262.

It is urged that the trial court erred in permitting the state while making out its case in chief to bolster the testimony of the prosecutrix by allowing her to testify what she told her mother when she arrived home.

The first witness for the state was the mother of the prosecutrix. She testified that when the prosecutrix returned home she went to her room called to her, and that when she entered the room she saw that the prosecutrix was disturbed and was shaking and jerking, her legs were scratched and bleeding and her body was bruised; and that her clothing was torn, dirty and rumpled. She further testified that the prosecutrix then told her that the appellant raped her and that she did all she could to prevent it. The testimony of both the prosecutrix and the appellant shows that they went from the place where they were parked to her home and that they did not contact or talk to anyone on the way. The above testimony of the mother was admissible as res gestae. 35 Tex. Jur., Secs. 43-45; 1 McCormick and Ray (2nd Ed.) Sec. 927.

The prosecutrix was called to testify after her mother and that portion of her testimony showing what she told her mother immediately after she arrived home was substantially the same as that testified to by the mother. This portion of her testimony

was admissible as res gestae and its admission was not error. France v. State, 148 Tex. Cr. Rep. 341, 187 S.W. 2d 80; Jundt. v. State, 164 Tex. Cr. Rep. 437, 300 S.W. 2d 73.

Appellant strenuously insists that the court erred in refusing to instruct the jury on his affirmative defense, that is, if they believed that he used his fingers to penetrate the sexual organ of the prosecutrix, or if they had a reasonable doubt thereof to acquit him.

The testimony of the physician called by the state shows that the sexual parts of the prosecutrix had been penetrated, and there was a raw surface with blood not coagulated; and that such condition could have been caused by the insertion of the fingers.

Appellant testified that he used his fingers and that such use could account for the condition of the prosecutrix, but that no act of sexual intercourse occurred.

If appellant had an act of intercourse with the prosecutrix, the use of the fingers as appellant contends with the resulting condition as shown of the prosecutrix would not constitute a defense to the offense of rape.

The rights of the appellant under the facts were sufficiently guarded in the following paragraph of the court's charge:

"You are instructed that if you should have a reasonable doubt from the evidence in this case as to whether the sexual organ of * * * * * was penetrated by the male organ of the defendant, Rondell Duncan, at the time and place alleged in the indictment then you will resolve such doubt in favor of the defendant, Rondell Duncan, and acquit him."

The refusal to charge as the appellant contends was not error.

The evidence is sufficient to support the conviction and no error appearing the judgment is affirmed.

Opinion approved by the Court.

MOTION FOR REHEARING

DICE, Judge.

In his motion for rehearing, appellant again urges as error the court's action in overruling his subsequent motion for a continuance and points out that in our original opinion we passed upon his contention that the court erred in overruling the motion because of the absence of a witness but did not specifically pass upon his contention that the court erred in overruling that portion of the motion which sought a continuance on the ground that appellant had been unable to employ counsel until such time and that they did not have sufficient time to prepare for trial.

As was shown in our original opinion, appellant was arrested on July 22, 1959 and the indictment was returned against him on September 9. Between the time of his arrest and the date that he employed present counsel on December 3, 1959, appellant employed three separate attorneys, who, after being employed, withdrew as counsel in the case. The last of the three attorneys employed withdrew on November 22. On October 15, appellant's first application for continuance was granted because of the physical incapacity of counsel then representing him, and the case was reset for trial on December 7, the date the same proceeded to trial. Appellant was on bail from the date of his arrest up to and including the time of his trial.

Appellant's subsequent motion for continuance was an equitable motion and one addressed to the sound discretion of the trial court. Wiley v. State, 159 Tex. Cr. R. 297, 263 S.W. 2d 568 and Gordy v. State, 160 Tex. Cr. R. 201, 268 S.W. 2d 126.

Under the record no abuse of discretion is shown. Richardson v. State, 164 Tex. Cr. R. 654, 302 S.W. 2d 140.

We have again reviewed the record in the light of appellant's other contentions and remain convinced that they were properly disposed of in our opinion on original submission.

The motion for rehearing is overruled.

Opinion approved by the Court.