**Jack Northrup CLARK, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 35530.**

Court of Criminal Appeals of Texas.

March 20, 1963.

Rehearing Denied May 1, 1963.

No attorney on appeal, for appellant.

Frank Briscoe, Dist. Atty., Carl E. F. Dally and Carol S. Vance, Asst. Dist. Attys., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

McDONALD, Judge.

The appellant was charged by indictment with the primary offense of burglary; two prior convictions were alleged for enhancement purposes under the provisions of Article 63, Vernon's Ann.P.C. Upon the jury's finding of guilty, he was sentenced by the court to life imprisonment in the penitentiary.

Amos Oakley, the manager and operator of a Someburger Stand, testified that he had the care and control over the Someburger Stand, located at 3202 Morse Street, at the time of the unlawful entry. He testified that during the early morning hours of May 29, 1962, he was called to the Someburger Stand at approximately 2:00 A.M., where several officers and the appellant were present. When he arrived, the hasp and lock that were on the back door had been pried loose from the wall. Mr. Oakley had not given the appellant or anyone else his consent and permission to enter the Someburger Stand after it had been closed that evening.

Mr. Troy G. Jenkins, who was an employee of Mr. Oakley and worked at the Someburger Stand, said that he closed the stand at about 11:00 P.M. He said that there was only one door which was located at the rear of the stand, and that it was secured with a heavy-duty Yale lock which he locked before leaving the establishment. He described the Someburger Stand as being completely enclosed with a ceiling and roof. No money had been left in the cash register, and it was left open. This witness said that he had a bottle containing vitamins in a drawer where he kept some paper bags. The bottle of vitamins was missing.

Officer T. J. Smith, a detective in the burglary and theft division of the Houston police department, testified to receiving a call to go to the Someburger Stand. At the time he received the call, he was approximately a mile from the stand. He and his partner arrived at the stand at midnight. His partner went to the front of the stand, and he went around to the rear. He noticed that the lock had been pried off; so he kicked the door open, walked in, and found the appellant down on the floor in a corner. The appellant had a long screwdriver in his hand at that time. The officer identified a bottle containing vitamin pills as being the one which he found in the shirt pocket of the appellant. The appellant, after being taken to the police station and after being duly and legally warned, made a voluntary statement in which he admitted breaking into the Someburger Stand and hunting for anything worth taking; that he found a bottle of vitamin pills in one of the cabinets and put it in his pocket; that about that time he heard someone coming and looked up and saw the officers who entered the stand and placed him under arrest.

The State introduced into evidence Exhibits Nos. 2 and 3 which were properly authenticated copies of the records of the Texas Department of Corrections of the sentences and judgments, photograph and fingerprints of the appellant relating to the offenses alleged for enhancement purposes. Expert testimony was employed to show that the known fingerprints of the appellant were identical to those received with the records from the Texas Department of Corrections.

The State introduced into evidence a copy of the indictment in Cause No. 83,507, which was the indictment upon which the appellant was convicted in the second prior alleged conviction used for enhancement purposes. The former offense of burglary was alleged to have been committed upon the

25th day of January, 1958. William K. Bondesen was the complaining witness.

Mr. William K. Bondesen was called as a witness and testified that he was president of the Kran Company on the 25th day of January, 1958, and that his place of business was broken into and burglarized on that date. He said that he was present in court and heard this appellant plead guilty to the offense of burglary committed on the 25th day of January, 1958.

The appellant did not testify in his own behalf and offered no other evidence.

There were no objections or exceptions to the court's charge, and no requested charges were submitted to the court. No formal bills of exception have been brought forward with the record. No brief has been filed in appellant's behalf.

We find the evidence amply sufficient to support the jury's verdict.

Prior to trial, the appellant filed a written motion for continuance, alleging that Mr. Frank Mabry had been appointed as an attorney to represent him but that he had acquired enough money to hire counsel of his choice. He alleged he had hired Mr. John Knoff, on the date of the trial, who had not had sufficient time to familiarize himself with the facts of the case. The motion was by the court overruled, to which the appellant excepted. No error is shown, however, for the reason that both attorneys, Mr. Frank Mabry and Mr. John Knoff, participated actively in the trial of the case as it appears from the record. Furthermore, the record does not show how the appellant was in any way injured by the denial of the continuance. Gordon v. State, 161 Tex.Cr.R. 594, 280 S.W.2d 267, 269.

None of the informal bills of exception appearing in the statement of facts merits discussion.

Finding no reversible error, the judgment is affirmed.