**Mack Allen ADAMS, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 37422.**

Court of Criminal Appeals of Texas.

Jan. 20, 1965.

———◆———

H. R. Rolston, Lufkin, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

PER CURIAM.

The offense is drunk driving; the punishment, 90 days in jail and a fine of $400.

The record contains no recognizance or bond on appeal in the form required by Art. 831, C.C.P.

The appeal is dismissed.

### ON APPELLANT'S MOTION TO REINSTATE THE APPEAL

WOODLEY, Judge.

By supplemental transcript it is made to appear that appellant and his sureties entered into a proper recognizance on appeal. The appeal is re-instated.

The indictment alleged the felony offense of drunk driving but, the state having rested without proof of the prior misdemeanor conviction alleged, the case was submitted

to the jury as a first or misdemeanor offense of drunk driving.

There is no question but that the evidence is sufficient to sustain the jury's verdict.

Billy McKnight, Lieutenant of the Lufkin Police, was the arresting officer. He testified that appellant was driving an automobile on a public street in Lufkin when he stopped him, between 12:15 and 12:30 A.M.; that the car was traveling at 40 miles per hour in a 30 mile zone and was weaving back and forth over the center stripe; that appellant could not walk without staggering and his speech was slurred.

The officer further testified that he smelled the odor of intoxicating beverage on appellant; that he formed the opinion that appellant was intoxicated, and that he found six bottles of beer on the floor board of the car.

The state's evidence also shows that, at his request, appellant was taken to Memorial Hospital in Lufkin where a doctor of his choice took a specimen of his blood for analysis.

The blood specimen was tested by Chemist and Toxicologist Darryl S. Byrd, of the Texas Department of Public Safety, who testified that the result of the test showed that the blood specimen contained .18 percent alcohol by weight; that all persons would be intoxicated who had as much as .10 percent of alcohol in their blood and that there would be no question but what the person from whom the blood sample was taken was intoxicated at the time it was taken.

Appellant did not testify.

James Everett Kenner, called as a witness for the defense, testified that he saw the appellant at "The Blue Room" around 9:30 or 10 P.M. and last saw him "around twelve o'clock" when he came back to "The Blue Room" after it closed. Kenner testified that appellant was not intoxicated.

The sole ground upon which reversal is sought is the overruling of appellant's mo-

tion for continuance based upon the absence of A. M. Blalock, and the overruling of appellant's motion for new trial because of the overruling of such motion for continuance.

Appellant contends that the motion for continuance should be treated as a first motion, though it shows on its face to be a third motion. We overrule this contention.

█ In the absence of an affirmative showing that an application for continuance is the first, it is presumed that it is a subsequent application. Mitchell v. State, 87 Tex.Cr.R. 530, 222 S.W. 983.

A motion for continuance failing to state that it is a first application therefor is regarded as a subsequent motion. McNeil v. State, 114 Tex.Cr.R. 514, 26 S.W.2d 217.

█ Appellant made several requests for the issuance of subpoenas for the witness Blalock. Each gave his address as "Keltys, Texas." None of the subpoenas was served.

The request for subpoena for the appearance of A. M. Blalock on June 17, 1963 was made June 6, 1963. Similar requests for subpoena returnable on previous dates were made on March 1, 1963 and February 3, 1963.

The affidavit of the absent witness before a notary public dated July 6, 1963, attached to appellant's motion for new trial shows that he moved from Keltys "the latter part of January," since which time he resided in Lufkin on Scarbrough Street for a month; in Fort Worth for about a month; in Dallas for about two weeks; at 806 Sayers Street in Lufkin for two weeks, thereafter in the Burke Apartments on North First Street in Lufkin; that he had made no effort to conceal himself and, had he been subpoenaed or notified, he would have testified that from his conversation and observation of his actions and his manner of operating his automobile just prior to his arrest, he was "under the opinion that he (appellant) was not under the influence of intoxicated liquor."

The absent witness did not testify at the hearing on the motion for new trial and his affidavit was not offered as evidence.

■ It is within the sound discretion of the trial court to overrule a subsequent application for continuance, and unless it is made to appear that the trial court abused his discretion with reference thereto, such ruling will not justify a reversal. Kincheloe v. State, 146 Tex.Cr. 414, 175 S.W.2d 593; Duncan v. State, 170 Tex.Cr.R. 132, 339 S.W.2d 220.

■ Whether a different result would likely have been reached had the absent witness testified is an important factor. Garcia v. State, 161 Tex.Cr.R. 249, 276 S.W.2d 527.

No abuse of discretion in the overruling of appellant's motion for continuance is shown.

The judgment is affirmed.