Alton Lafate **WITHERSPOON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45290.

Court of Criminal Appeals of Texas.

Nov. 29, 1972.

Clyde W. Woody, Marian S. Rosen, Houston, for appellant.

Doug Crouch, Dist. Atty., John Brady and Don Burdette, Asst. Dist. Attys., Fort Worth, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is an appeal from a conviction for murder. The punishment was assessed at death. The Governor of Texas has commuted the punishment to life imprisonment.

The main complaints of the appellant concern the qualifications of the prospective jurors on the death penalty, the right of the Governor to commute the sentence and the proof of a prior conviction of the appellant for impeachment.

We affirm.

Appellant contends that he has been denied the right to trial by jury in two ways. First, he alleges that jurors were excluded from the jury where the prospective jurors indicated general reluctance and conscientious scruples against the infliction of capital punishment in violation of the rule set forth in Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776. Second, he complains that his sentence has been commuted from the death penalty to life imprisonment without his knowledge, consent, or acquiescence, and at a proceeding at which he was not represented by counsel.

The same contention about the voir dire examination under Witherspoon v. Illinois, supra, was made before the Supreme Court of the United States in Moore v. Illinois, 408 U.S. 786, 92 S.Ct. 2562, 33 L.Ed.2d 706, decided on the same day as Furman v. Georgia and Branch v. Texas, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346. In that case, the Supreme Court held: "Inasmuch as the Court today has ruled that the imposition of the death penalty under statutes such as those of Illinois is violative of the Eighth and Fourteenth Amendments, Furman v. Georgia [supra], it is unnecessary for us to consider the claim of noncompliance with the Witherspoon standards."

We also overrule this contention.

As to his second allegation, the *Governor's commutation is valid. This Court dealt with the question of such a commutation and held it valid in Whan v. State, 485 S.W.2d 275 (Tex.Cr.App.1972). We do not now depart from that holding.*

Next, appellant contends that the trial court committed error in allowing the State to impeach the appellant by introducing evidence of a prior conviction in the military after the court had already excluded such

evidence and granted the appellant's "motion in limine" made during the trial on the merits. The record shows that appellant's prior military conviction was not mentioned again on cross-examination after his motion was granted. Then on re-direct examination of appellant the following occurred:

"Q. . . . in any Court in this State or any State of the United States of a felony, have you ever been convicted of a felony before?

"A. No, sir, this is the first time I have been in jail for more than one day.

"Q. In jail as you express it, like the one here?

"A. Yes, sir.

"Q. You have no reference to the military or anything else?

"A. No, sir.

"Q. All right, sir."

On recross-examination the following ensued:

"Q. Well, let's talk and make reference to the felonies in the military, sir. Tell the jury whether or not you have been convicted of a felony in the military courts?

"A. Yes, I have.

"Q. Was that desertion, sir?

"A. Yes.

"Q. You left your flag and your country and remained absent until you were apprehended by authorities and given three and a half years in a federal institution?

"A. Yes, sir. I don't deny it.

"Q. I thought you did deny it, sir."

■ It would appear that the interrogation of the appellant and his testimony may have been an invitation for such recross-examination of the appellant. Thomas v.

State, Tex.Cr.App., 477 S.W.2d 881. However, a motion in limine prior to the trial on the merits will not normally preserve error to the admission of inadmissible evidence. For error to be preserved on appeal with regard to the admission of inadmissible evidence, objection thereto should be made at the time the evidence is offered. Brazzell v. State, Tex.Cr.App., 481 S.W.2d 130.

■ The above questions and answers appear in the record without objection. This Court held in Amaya v. State, Tex. Cr.App., 473 S.W.2d 476, that " '[G]enerally an error in the conduct of the trial must be objected to at the time of commission; otherwise the error may not be asserted on appeal.' 5 Tex.Jur.2d, Appeal and Error, Criminal, Section 35, page 36." Appellant's "motion in limine" was granted on the ground of remoteness of his previous conviction (some fifteen years prior). If, however, the appellant "opens the door" and makes blanket statements concerning his exemplary conduct, such as he has never been charged or convicted of any offense, then the State may refute such testimony despite the nature of the conviction or offense or its remoteness. Thomas v. State, supra, concurring opinion. In Orozco v. State, 164 Tex.Cr.R. 630, 301 S.W.2d 634, this Court held that where the defendant had answered in the negative the question whether he had ever been convicted of a felony or misdemeanor or paid a fine for anything of that nature, the State properly cross-examined defendant concerning the prior fine and jail sentence assessed against him. See also Hamilton v. State, Tex.Cr.App., 480 S.W.2d 685.

■ This is different from the case of Dion and Powers v. State, Tex.Cr.App., 456 S.W.2d 97, where the trial judge overruled a motion to suppress evidence during the trial, and the Court held that the defendant did not have to object again at the time the complained of evidence was offered before the jury. In the present case the judge sustained the "motion in limine," and

the evidence was offered after the appellant had attempted to leave the impression before the jury that he had a clean record. Under these circumstances, another objection should have been made for review on appeal.

We hold that absent an objection the appellant cannot now complain of the admission of this evidence.

This Court has considered appellant's other grounds of error and finds them without merit.

No reversible error being shown, the judgment of conviction with the punishment commuted is affirmed.