Raymond Edwin HAFTI, Appellant,

v.

The STATE of Texas, Appellee.

No. 45504.

Court of Criminal Appeals of Texas.

Dec. 13, 1972.

Alfano & Dailey by Fred H. Dailey, Jr., Houston (Appointed on Appeal), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Ray Montgomery, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is robbery by firearms; the punishment, death. The Honorable Preston Smith, the Governor of Texas, has commuted appellant's death penalty to 99 years.

This is the second appeal of this appellant. His prior conviction was reversed by this Court in Hafti v. State, 416 S.W.2d 824, because of the admission of evidence of an extraneous offense. A statement of the facts is set forth in that opinion. The sufficiency of the evidence to support the conviction is not challenged. Appellant's brief laboriously sets forth 45 grounds of error.

■ Ground of error number 1 relates to proof of injuries sustained by the victim of the robbery. In Jones v. State, Tex.Cr. App., 453 S.W.2d 507, this Court held that where an indictment alleges violence, the State might prove the injuries sustained as the result of such violence.

■ Ground 2 is that the Court failed to rule on his motion for discovery. We have been cited no place in the record where a hearing was requested. Article 40.09, Section 9, Vernon's Ann.C.C.P.

■ Ground 3 relates to the Court's action in overruling his third motion for continuance. This being a third motion it is addressed necessarily to the discretion of the trial court. There is no showing in the record before us of any injury to appellant or an abuse of discretion. Duncan v. State, 170 Tex.Cr.R. 132, 339 S.W.2d 220.

■ Ground 4 relates to the Court's failure to grant a pre-trial hearing on the admissibility of evidence seized at appellant's home. None of the evidence specified on the motion was offered or admitted and nothing is presented for review.

■ Ground 5 relates to the validity of the death penalty which has become moot by virtue of the commutation set forth above. Witherspoon v. State, Tex.Cr.App., 486 S.W.2d 953 (1972).

■ Ground 6 relates to a motion in limine seeking to prevent the State from showing that the defendant had been sentenced to death at his prior trial. Appellant does not point out which testimony he is referring to. The first mention of appellant's prior sentence which we are able to find occurred during the testimony of appellant's own witness on direct examination. Appellant is in no position to complain. Robbins v. State, Tex.Cr.App., 481

S.W.2d 419. Further, at a later stage in the trial the matter was again referred to and the only objection made thereto was not timely made and was sustained by the Court and appellant requested no further relief. Grant v. State, Tex.Cr.App., 472 S.W.2d 531. Such does not reflect error.

Grounds 7, 9, 10, 12, 13, 14, 18 and 19 relate to the excusing of prospective jurors under "Witherspoon v. Illinois". Since the commutation such alleged errors are moot. Witherspoon v. State, supra.

Ground 8 relates to the excuse of another prospective juror to which neither side objected. The record reflects that such juror was not qualified under Article 2133, Vernon's Ann.Civ.St.,[1] in that he owned no real estate and was not the "head of a house". The Court did not err in dismissing the juror on his own motion and no error is shown. Cf. Shelby v. State, Tex.Cr.App., 479 S.W.2d 31.

Ground 11 claims the Court committed one of the jurors to assessing the death penalty. An examination of the voir dire reveals the questions were designed to elicit the juror's attitude toward capital punishment and were not improper.

Ground 15 relates to the overruling of appellant's challenge to juror Thompson. It is apparent from an examination of the prospective juror's testimony that he got confused in his answers to counsel's question and when assisted by the Court the juror was able to qualify. No error is shown.

Ground 16 relates to the Court's failure to grant additional challenges. If we properly understand his contention it is that because the State was able to challenge jurors under "Witherspoon v. Illinois" it had more challenges than did the appellant. Veniremen excused by the Court were dismissed by virtue of the statute and the holdings of the Supreme Court of the United States. In Norman v. State, 121 Tex.Cr.R. 433, 52 S.W.2d 1051, this Court held in the absence of wrongdoing on the Court's part it was not error to deny appellant's request for additional peremptory challenges after he exhausted those accorded him by the statute. See also Griffin v. State, Tex.Cr.App., 481 S. W.2d 838.

Ground 17 relates to the excuse of venireman Murphy. It is apparent that, when questions which had been propounded to Murphy were explained by the Court, without objection, Murphy was shown to be clearly qualified and the overruling of the challenge for cause as to him presents no error.

Ground 20 relates to a question propounded to the panel by the trial judge. No objection was made to the question or the answer and nothing is presented for review.

Grounds 22, 23 and 24 relate to the testimony of two physicians and the admission of medical records of the hospital showing the injuries sustained by the victim. Such were admissible under the holding of this Court in Roberts v. State, 172 Tex.Cr.R. 500, 360 S.W.2d 883, cert. denied 371 U.S. 846, 83 S.Ct. 83, 9 L.Ed.2d 83.

Grounds 25 through 38 relate to the trial court's charge and his refusal to grant requested charges. The brief does not cite any authority or call our attention to any reason why the Court's charge, as given, was defective or how the requested charges on "Presumption of Innocence", "Reasonable Doubt", etc., were superior to those contained in the Court's main charge. We find no error in the charge as given.

Ground 39 complains of the admission into evidence of a fingerprint card at the hearing on punishment on the ground that such violated the accused's

---

1. The selection of the jury occurred before the amendment of Article 2133, supra, as amended effective September 1, 1969, which eliminated the qualification that a prospective juror be a freeholder or householder, became effective. Acts 1969, 61st Leg., p. 1364, ch. 412, Sec. 1, eff. Sept. 1, 1969.

 

right against self-incrimination. There is no merit in such contention. Gage v. State, Tex.Cr.App., 387 S.W.2d 679; Rinehart v. State, Tex.Cr.App., 463 S.W.2d 216.

Grounds 40 and 41 relate to the authentication of the records of prior convictions. These appear to have been admissible under Article 3731a, V.A.C.S., and the holding of this Court in Handy v. State, 160 Tex.Cr.R. 258, 268 S.W.2d 182.

Ground 42 relates to an alleged error which is said to have occurred when the State's attorney asked a defense witness a certain question. We are not cited to the place in the record where this occurred. Nothing is presented for review. Article 40.09, Section 9, supra.

Grounds 43 and 44 relate to the overruling of the motion for new trial. No reasons are assigned and nothing is presented for review. Article 40.09, Section 9, supra.

Ground 45 contends that a combination of the errors heretofore mentioned calls for a reversal of this conviction. Such contention is overruled.

The judgment is affirmed.