**Joe Marion LONGORIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 48178.**

Court of Criminal Appeals of Texas.

April 10, 1974.

Ruben Bonilla, Jr., Corpus Christi, for appellant.

John Flinn, Dist. Atty., Sinton, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

McCLOUD, Commissioner.

This is an appeal from a conviction for burglary wherein punishment was enhanced under Article 63, Vernon's Ann.P.C., at life.

The sufficiency of the evidence is not challenged.

■ Appellant contends in his first ground of error the trial court erred in overruling his motion for continuance which was filed on June 7, 1973, the day of trial. Appellant alleged in his motion that on June 6, 1973, the day before trial, his mother employed an attorney of his choice to assist appellant's court-appointed attorney in the defense of his case. The motion further stated that appellant's retained attorney had not had sufficient time to prepare for trial. The record reflects that at appellant's request he had been represented by appointed counsel since May 9, 1973. In overruling appellant's motion, the trial court found that the appointed attorney was an experienced and competent criminal defense lawyer who was prepared for trial on June 7, 1973. The record reflects that after the motion for continuance was overruled, the retained attorney took the lead in the case, but the appointed attorney was present and participated in the trial.

In Tezeno v. State, Tex.Cr.App., 484 S.W.2d 374, this court stated:

"A motion for continuance on the ground that counsel has had insufficient time to prepare for trial is addressed to the discretion of the trial court and the

failure to grant such a motion is not error absent a showing of abuse of discretion. Gordy v. State, 160 Tex.Cr.R. 201, 268 S.W.2d 126 (1953); Wiley v. State, 159 Tex.Cr.R. 297, 263 S.W.2d 568 (1954); Abrego v. State, 157 Tex.Cr.R. 264, 248 S.W.2d 490 (1952); Jones v. State, 156 Tex.Cr.R. 248, 240 S.W.2d 771 (1951); Williams v. State, 148 Tex.Cr.R. 427, 187 S.W.2d 667 (1945)."

The defendant in Clark v. State, Tex. Cr.App., 366 S.W.2d 784, was represented by appointed counsel and prior to trial the defendant filed a motion for continuance, alleging that he had on the day of trial employed an attorney of his choice and his retained attorney had not had sufficient time to prepare for trial. The trial court overruled the motion and this court held no error was shown because the record reflected that both the appointed and retained counsel actively participated in the trial.

We find no abuse of discretion in the instant case. The record reflects that the appointed attorney was prepared for and did participate in the trial. Appellant's first ground of error is overruled.

■ Appellant next complains of the admission into evidence of his statement which he argues was involuntarily given and made while he was in fear of his personal safety.

The record reflects that a Jackson v. Denno [1] hearing was conducted. After the hearing the trial court found that appellant's statement was freely and voluntarily given and that appellant had been advised of his rights in accordance with Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and Article 38.22, Vernon's Ann.C.C.P. The court also found that appellant knowingly and voluntarily waived his rights.

At the hearing on the admissibility of the statement appellant testified that at the

1. 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

time of his arrest he was choked by Officer Maley and he signed the statement to prevent further choking or bodily harm. Officer Maley denied that he choked or in any way abused appellant.

The trial court, as trier of the facts, was free to disbelieve appellant's testimony and to believe the testimony of the other witnesses. Chivers v. State, Tex.Cr.App., 481 S.W.2d 125. The findings made by the trial court are supported by the evidence. Appellant's second ground of error is overruled.

▇ In his third ground of error appellant contends the trial court erred in overruling his motion for mistrial after a witness referred to an extraneous offense allegedly committed by appellant.

Appellant was charged with the burglary of Leo's Sandwich Shop and during the examination of Officer Turnbough, who took the statement from appellant, the following occurred:

"THE COURT: Did you tell him what he was in jail for, did you tell him what the investigation was?

"A. Yes, sir.

"THE COURT: What was it?

"A. A burglary of Leo's Sandwich Shop.

"THE COURT: Leo's?

"A. Yes, sir, he had already been questioned on another burglary prior to that.

"MR. BONILLA: Objection, Your Honor.

"THE COURT: All right, I will instruct the jury not to consider that.

"MR. BONILLA: I move for a mistrial.

"THE COURT: Well, overrule that. The Court will instruct the jury not to consider the remarks about some other burglary for any purpose, it's irrelevant and immaterial and has no place in the record in this case."

In the recent case of Bolden v. State, Tex.Cr.App., 504 S.W.2d 418, a witness testified that he had purchased some copper wire from the defendant which the evidence showed had been taken during a burglary. A detective testified that after he talked to the witness he knew exactly whom he was looking for because he had been investigating the defendant for the last several months "for copper wire." Defendant's extraneous offense objection was sustained and the court instructed the jury to disregard the remarks. While holding the trial court did not commit reversible error in overruling defendant's motion this court stated:

"As this Court said in White v. State, Tex.Cr.App., 444 S.W.2d 921:

"'An error in asking an improper question or in admitting improper testimony may be generally cured or rendered harmless by a withdrawal of such testimony and an instruction to disregard the same except in extreme cases where it appears that the question or evidence is clearly calculated to inflame the minds of the jury and is of such character as to suggest the impossibility of withdrawing the impression produced on their minds.'"

See also Hopkins v. State, Tex.Cr.App., 480 S.W.2d 212 and Jordan v. State, Tex.Cr. App., 500 S.W.2d 638.

In the instant case the trial court immediately sustained appellant's general objection and instructed the jury not to consider for any purpose the remarks of the witness about another burglary. Appellant's third ground of error is overruled.

▇ In his last ground of error appellant contends the cause should be reversed because he properly filed his election in writing under Article 37.07, Section 2(b)(2), V.A.C.C.P., to have the jury as-

sess his punishment and the jury was not permitted to assess the punishment.

The indictment charged the primary offense of burglary and, for enhancement purposes, two prior final convictions of felonies less than capital. The jury found appellant guilty of the primary offense, and at the punishment stage of the trial found appellant was, prior thereto, two times convicted of a felony less than capital.

Section 1 of Article 37.07, V.A.C.C.P., provides that, except as provided in Section 2, the jury shall assess the punishment in all cases "where the same is not absolutely fixed by law to some particular penalty." Article 63, V.A.P.C., provides that upon the third conviction of a felony less than capital the punishment of life imprisonment is mandatory. It was not the jury's duty to fix the punishment upon appellant's third conviction because under Article 63, V.A.P.C., the punishment of life imprisonment was mandatory. Salinas v. State, Tex.Cr.App., 365 S.W.2d 362.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.